Jose Bonifacio Nadales ROMULO; Gertrudes Del Carmen Palma, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70128.

Agency Nos. A75–525–325, A75–525–326.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Garish Sarin, Esq., Los Angeles, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Jennifer A. Parker, Jennifer Levings, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM **

Jose Bonifacio Nadales Romulo and Gertrudes Del Carmen Palma, husband and wife and natives and citizens of Mexico and El Salvador respectively, petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal of an immigration judge's ("IJ") denial of their applications for cancellation of removal. "We review for substantial evidence the BIA's decision that an applicant has failed to establish ten years of continuous physical presence in the United States." *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the BIA's determination that petitioners did not prove that they had been continuously present in the United States for ten years prior to April 21, 1998. *See Vera–Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir. 2003) (BIA decision regarding continuous physical presence must be affirmed "if it is supported by reasonable, substantial evidence in the record"). The record contains an asylum application filed by Nadales Romulo, which states that he attended high school in Mexico between 1986 and 1989 and last entered the United States in October 1989, and that Palma also last entered the United States in October 1989. In addition, the asylum officer who interviewed petitioners testified that they provided the information contained in the asylum application during the interview. Thus, the BIA's determination that petitioners did not establish the requisite ten years of continuous presence is supported by substantial evidence in the record. *See id.; cf. Lopez–Alvarado*, 381 F.3d at 852 (reversing IJ's determination that petitioner had not established ten years of continuous presence because petitioner provided "detailed, credible documentary and testimonial evidence" in support of his claim, and nothing in the record contradicted his evidence).

We reject petitioners' contention that the BIA abused its discretion by failing to consider their letter and attachments, entitled "Additional Documentation Submitted Based on New and Material Facts and Exhibits," as a motion to remand. The letter and attachments did not comply with the requirements of 8 C.F.R. § 1003.2, and none of the purportedly new evidence related to petitioners' presence in the United States during the relevant ten-year period. *See Matter of Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992) ("where a motion to remand is really in the nature of a motion to

---

reopen or a motion to reconsider, it must comply with the substantive requirements for such motions").

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.