

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2006

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4884

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Singh v. Atty Gen USA" (2006). *2006 Decisions.* Paper 359.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/359

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4884
_____

TEJINDER SINGH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A79-142-124)
Immigration Judge: Honorable Esmeralda Cabrera
_____

Submitted Under Third Circuit LAR 34.1(a)
October 2, 2006

BEFORE: SLOVITER, SMITH and VAN ANTWRPEN, CIRCUIT JUDGES

(Filed October 4, 2006)
_____

OPINION
_____

PER CURIAM

Petitioner Tejinder Singh, a native and citizen of India, and a Sikh by religion,

entered the United States without inspection in 1995. He was placed in removal

proceedings under Immigration & Nationality Act § 212(a)(6)(A)(i) (present without being admitted or paroled), and § 212(a)(7)(A)(i) (no valid entry documents). Singh applied for withholding of removal and deferral of removal under the Convention Against Torture, claiming that he had been persecuted and tortured in India for his political beliefs and activities on behalf of the All Indian Sikh Student Federation. He withdrew his application for asylum because it was untimely.

At his removal hearing, Singh testified that he joined the AISSF in 1993. The Indian police first arrested him in June 1994, the day after a political rally at which party leaders criticized the government. He was stripped, beaten, interrogated for three days, and ordered to renounce his party, and only released when his father, a local farmer, paid a bribe. He was hospitalized for three days. In January 1995, he was arrested while distributing pamphlets at a rally. He was held for 8 days and tortured. Again his father obtained his release by paying a bribe. After this incident, his family arranged for him to travel to New York via Canada. Singh's mother and father still live in India with his two sisters. Singh has learned from them that the police have raided the family house since his departure.

On October 1, 2003, the Immigration Judge denied relief. She did not completely believe Singh for a number of reasons, but she also concluded, that, even if he was telling the truth, he had not met his burden of proof. The IJ cited the following things as either damaging his credibility or weakening his case: he waited eight years after arriving in the U.S. to apply for relief, he had no letter from his family supporting his claim, he did not

2

appear to be a practicing Sikh in that he had no beard and did not wear a turban, and his written application did not mention that he had been hospitalized after his first arrest.

On May 3, 2005, the Board of Immigration Appeals affirmed without opinion pursuant to 8 C.F.R. § 1003.1(e)(4). Singh did not file a petition for review of this decision, filing instead a motion to reopen removal proceedings due to changed country conditions, 8 C.F.R. § 1003.2(c)(1). He asserted that the Congress Party, under whose rule Operation Blue Star took place,[1] was back in power in the Punjab and that Sikhs once again were being persecuted. He also attached press coverage of the arrest of Mr. Simranjit Singh Mann, President of the Akali Dal (Amritsar), and other party officials, on June 14, 2005, on charges of sedition for making inflammatory pro-Khalistan speeches.

On October 17, 2005, the BIA denied the motion, concluding that a motion to reopen will not be granted unless the evidence sought to be offered establishes a prima facie eligibility for relief, see Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 110 (1988); In re: Coelho, 20 I & N Dec. 464, 472 (BIA 1992), a showing Singh had not made. The BIA reasoned that Singh had not rebutted the testimonial discrepancies noted by the IJ nor had he rectified the insufficient evidence problem concerning whether he is a Sikh. In addition, the BIA reasoned that, although there was new evidence that the president of Akali Dal and some Sikh activists had been arrested on charges of sedition, there was no evidence of a pattern or practice of persecuting Sikhs or members of the

---

[1] Operation Blue Star was an attack on the Golden Temple on May 31, 1984 during which many Sikhs were killed.

AISSF, and no persuasive evidence that Sikhs cannot relocate safely to another part of the country.

Singh timely petitioned for review of the BIA decision denying his motion to reopen. In his brief on appeal he contends that he testified credibly that he is a Sikh; Amrit Dhari adhere to the five tenets, but he is Sahij Dhari and is not required to grow a beard. Moreover, the BIA erred in concluding that his new evidence does not establish a prima facie case of persecution.

We will deny the petition for review. We do not have jurisdiction to review the BIA's May 3, 2005 decision, because Singh did not file a timely petition for review of that decision. Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 398-99 (1995). When a motion to reopen is denied on the ground that the alien failed to demonstrate prima facie eligibility for the substantive relief sought, we review for abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). Under this standard, we will reverse the BIA's decision only if it is arbitrary, irrational, or contrary to law. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). The prima facie standard for a motion to reopen requires the applicant to produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief. Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002).

The standard for withholding of removal is stringent. Under INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A), "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that

4

country because of the alien's race, religion, nationality, membership in a particular social group or political opinion."  The alien must establish by a "clear probability" that his life or freedom would be threatened in the proposed country of deportation.  Immigration & Naturalization Serv. v. Stevic, 467 U.S. 407 (1984).  To prevail on a claim under the Convention Against Torture an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2).

The BIA applied the proper standards and did not abuse its discretion in denying Singh's motion to reopen.  Its reasons were cogent and consistent with the record evidence.  The IJ had valid concerns with respect to whether Singh had met his burden of proof that were not addressed by the motion to reopen, and have not been addressed on appeal, specifically, the absence of corroboration from Singh's family in view of their availability and active role in his life.  See Mulanga v. Ashcroft, 349 F.3d 123, 136 (3d Cir. 2003).  Moreover, the BIA rightly found that Singh's new evidence, which described the arrest of national leaders, does not warrant reopening.  We note that the new evidence shows that hundreds of Sikhs who protested the arrests publicly were allowed to do so without repercussions.

We will deny the petition for review.