## MATTER OF COELHO

### In Deportation Proceedings

### A-18024357

*Decided by Board April 30, 1992*

(1) The Board of Immigration Appeals may deny a motion to remand or motion to reopen proceedings where a prima facie case for the relief sought has not been established or in the absence of previously unavailable, material evidence or where the ultimate relief is discretionary, if the relief would not be granted in the exercise of discretion.

(2) A party who seeks a remand or to reopen proceedings to pursue relief bears a "heavy burden" of proving that if proceedings before the immigration judge were reopened, with all the attendant delays, the new evidence would likely change the result in the case.

CHARGE:

Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of controlled substance violation

ON BEHALF OF RESPONDENT:
Joseph F. O'Neil, Esquire
120 Lincoln Street
Boston, Massachusetts 02111-2580

ON BEHALF OF SERVICE:
Richard Neville
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated October 30, 1989, the immigration judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1988), as an alien convicted of a controlled substance violation.[1] The immigration judge further denied the respondent's application for a waiver under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1988), and ordered his deportation to Portugal. The respondent appealed from that decision and requested oral argument. The request was granted on May 7, 1991,

---

[1] This provision has been revised and redesignated as section 241(a)(2)(B) of the Act, 8 U.S.C. § 1251(a)(2)(B) (Supp. II 1990), by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5080, but that amendment does not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. *See* section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

but was later waived by the respondent through counsel. The respondent submitted a brief to the Board and then subsequently filed a motion to remand for additional proceedings. The Board received no brief or response from the Immigration and Naturalization Service. The motion to remand will be denied and the appeal will be dismissed.

The respondent, a 36-year-old native and citizen of Portugal, entered the United States as a lawful permanent resident on August 16, 1968. The record reflects that the respondent was convicted on August 28, 1986, in the United States District Court for the District of Massachusetts, of knowingly and intentionally conspiring with others to possess with the intent to distribute cocaine, and of knowingly and intentionally possessing with the intent to distribute quantities of cocaine in violation of 18 U.S.C. § 2 (1982) and 21 U.S.C. §§ 841(a)(1) and 846 (1982). The respondent was sentenced to 3 years' confinement, given a special parole term of 3 years, and ordered to pay a special assessment of $150. On August 31, 1988, the Service issued an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S), charging that the respondent was deportable for having been convicted of a law relating to a controlled substance.

At his deportation hearing, the respondent admitted to the truth of the allegations contained in the Order to Show Cause and conceded his deportability. The respondent then applied for a waiver of inadmissibility under section 212(c) of the Act. In support of his request for relief, the respondent submitted his application, his written statement, and a letter from his pastor. During the deportation hearing, the respondent offered his testimony and the testimony of his brother and a friend to support his request for relief. In an effort to show that he merited a favorable exercise of discretion, the respondent primarily relied upon his arrival in the United States in 1968 when he was 13 years old, his continued residence in this country since that time, and the fact that he is the father of two United States citizen children who would suffer hardship if the respondent is deported.

The immigration judge first noted that the respondent appeared to be statutorily eligible for a waiver of inadmissibility. Then the immigration judge evaluated the favorable factors presented by the respondent, including his 23 years of residence in the United States; his two United States citizen children; the residence of eight of his nine siblings in either the United States or Canada; and his elderly mother's residence in this country with the respondent.[2] The immigration judge considered the respondent's prior employment history as a fisherman, noting that the respondent is out to sea for up to 14 days, then returns

---

[2] The record does not contain any information regarding the immigration status of the respondent's mother.

to port for a few days until he is able to obtain employment on another fishing vessel.

The immigration judge contrasted these factors with the respondent's crime. According to the immigration judge, the respondent testified that he never sold large quantities of cocaine. The immigration judge compared this testimony to the respondent's account of his arrest, in which he stated that he had about 2 pounds of cocaine. The immigration judge noted the respondent's testimony that he intended to sell the cocaine for $50,000 and realize a profit of $5,000 for his participation in the scheme. The immigration judge further considered that the record reflected that the respondent had been using and selling cocaine for at least several months prior to his arrest. After weighing these factors, the immigration judge concluded that the serious nature of the respondent's conviction and criminal involvement outweighed the favorable factors of record. He further determined that the respondent did not show that a grant of relief was warranted in the exercise of discretion, so he denied the respondent's request for a waiver of inadmissibility.

On appeal, the respondent, through present counsel, asserts that he met his burden of demonstrating that his application merited a favorable exercise of discretion. The respondent contends that the evidence of his family ties within the United States, his residence of long duration in this country since a young age, hardship to himself and his family once his deportation occurs, employment history, value to the community, rehabilitation, good character, lifestyle, behavior while in prison, and his demeanor all support a favorable exercise of discretion. The respondent believes that he demonstrated unusual and outstanding equities and that it was an abuse of discretion for the immigration judge to deny him relief. We disagree and will dismiss the respondent's appeal. After reviewing the respondent's application for a waiver of inadmissibility, we will examine the respondent's motion to reopen the proceedings.

Section 212(c) of the Act provides, in pertinent part, that aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of 7 consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds of exclusion. Pursuant to our decision in *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976), a lawful permanent resident is prima facie eligible for relief from deportation under section 212(c), even though he has not proceeded abroad subsequent to the acts which rendered him deportable. *See Francis v. INS*, 532 F.2d 268 (2d Cir. 1976); *see also Matter of Hernandez-*

*Casillas,* 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd,* 983 F.2d 231 (5th Cir. 1993).

Section 212(c) of the Act, however, does not provide an indiscriminate waiver for all who demonstrate statutory eligibility for such relief. Instead, the Attorney General or his delegate is required to determine as a matter of discretion whether an alien merits the relief sought, and the alien bears the burden of demonstrating that his application warrants favorable consideration. *Matter of Marin,* 16 I&N Dec. 581, 582-83 (BIA 1978).

The exercise of discretion in a particular case necessarily requires consideration of all the facts and circumstances involved. There must be a balancing of the social and humane considerations presented in an alien's favor against the adverse factors evidencing his undesirability as a permanent resident. *Id.* at 584. The Board has enunciated numerous factors to be considered in determining whether or not to grant section 212(c) relief. Favorable considerations have been found to include such factors as family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred at a young age), evidence of hardship to the respondent and his family if deportation occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character. *Id.* at 584-85. Among the factors deemed adverse to an alien are the nature and underlying circumstances of the exclusion or deportation ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country. *Id.* at 584. Moreover, one or more of these adverse considerations may ultimately be determinative of whether section 212(c) relief is in fact granted in an individual case. *Id.*

We also have pointed out that as the negative factors grow more serious, it becomes incumbent upon the alien to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities. *Id.* at 585. Such a heightened showing is required when an alien has been convicted of a serious drug offense. *Id.* at 586 n.4. The necessity of demonstrating unusual or outstanding equities is not exclusively triggered by serious crimes involving controlled substances, however. Rather, one must examine the gravity of the offense per se. *Matter of Buscemi,* 19 I&N Dec. 628, 633 (BIA 1988); *see also Matter of Marin, supra.* In addition, such a showing

may be mandated because of a single serious crime, or because of a succession of criminal acts which together establish a pattern of serious criminal misconduct. *Matter of Buscemi, supra*, at 633-34. We observe that an alien who demonstrates unusual or outstanding equities, as required, does not compel a favorable exercise of discretion; rather, absent such equities, relief will not be granted in the exercise of discretion. *Id.*; *see also Matter of Marin, supra.* There are cases in which the adverse considerations are so serious that a favorable exercise of discretion is not warranted even in the face of unusual or outstanding equities. Such was the situation in *Matter of Buscemi, supra.*

With respect to the issue of rehabilitation, we have noted in *Matter of Edwards*, 20 I&N Dec. 191 (BIA 1990), that a clear showing of reformation is not an absolute prerequisite to a favorable exercise of discretion in every case involving an alien with a criminal record. Rather, section 212(c) applications involving convicted aliens must be evaluated on a case-by-case basis, with rehabilitation a factor to be considered in the exercise of discretion. *Id.*

Turning to an examination of the respondent's application for a waiver of inadmissibility, we note that his statutory eligibility for that relief has not been contested. In regard to the question whether relief is warranted as a matter of discretion, we note that we have reviewed the record on a de novo basis. Consequently, the respondent has not been prejudiced by any alleged error on the part of the immigration judge in failing to properly consider the factors in his case. *See id.* at 8.

We find that the respondent's convictions for conspiracy to possess with the intent to distribute a quantity of cocaine and for possession of cocaine with the intent to distribute in August 1986, in addition to his admitted prior use and sales of cocaine, compel the respondent to show unusual or outstanding equities to warrant a grant of relief. *See Matter of Buscemi, supra.*

In the respondent's favor, we consider most significant his familial ties in the United States and his more than 23 years of residence in this country, beginning when he was only 13 years old. The respondent is the father of two United States citizen children, who at the time of the deportation hearing were 5 and 7 years of age. At the time of the deportation hearing, both children were living with the respondent's former spouse. The record reflects that both the respondent and his former spouse have joint custody over the children, and the respondent is not required to pay any support. The respondent testified that he nevertheless sends them between $75 and $300 per week depending on whether he has gone out fishing.

A majority of the respondent's other family members reside in the United States. The respondent testified that at the time of his

deportation proceedings, six of his siblings were living in the United States, while two were in Canada and only one was in Portugal. He stated that his father was deceased and that his mother, with whom he was currently living, was in the United States. The record reflects that the respondent and his mother reside in a three-family dwelling, owned and lived in by one of his sisters. At the time of the deportation hearing, the respondent's mother was 74 years old and was primarily supported by the respondent. The respondent has sustained intermittent employment since the age of 16 with the fishing industry.

We find that the respondent's more than 23 years in the United States, beginning at age 13, and his familial circumstances are sufficient to show unusual or outstanding equities. Given the fact that most of his family is in this country, that he has two United States citizen children that he supports, and that he currently resides with and supports his mother, the respondent's equities, taken as a whole, rise to the level of unusual or outstanding. Our analysis, however, does not end here. The fact that an alien demonstrates the requisite unusual or outstanding equities does not mandate that discretion be exercised in his favor; rather, we must weigh the equities against the adverse factors. *Matter of Edwards, supra*, at 196.

In regard to the adverse factors in the case, we note the seriousness of the respondent's conviction for his two offenses. Both offenses involved cocaine possession with the intent to distribute. As indicated previously, the respondent was sentenced to confinement for 3 years, given a special parole term of 3 years, and ordered to pay $150. By the respondent's own admission, he intended to sell 2 pounds of cocaine when he was arrested. The respondent planned to reap and share in the $50,000 from the illicit drug transaction.

We agree with the immigration judge's conclusion that even though the respondent denied any involvement in distributing large amounts of cocaine, the record reflects that he had been involved in cocaine trafficking for an extended period of time. The respondent testified that he first became involved with cocaine distribution when he was 25 or 26 years old, which would mean that he participated in the distribution of cocaine from 1980 or 1981 until his conviction in 1986. The respondent also admitted that he used cocaine himself during this period of time. We find that this testimony and the fact that 2 pounds of cocaine were found on the respondent contradict his statement that he was not involved in the distribution of large quantities of drugs. Furthermore, we find that the respondent's testimony regarding his involvement was very evasive.

When questioned by the Service on how he became involved with cocaine distribution, the respondent replied only, "It's like I said, you know, by friends." When the Service attempted to ask him exactly

what he did to distribute the cocaine, the respondent answered that he would deliver it to "some people." The Service also asked the respondent where he got the 2 pounds of cocaine, and the respondent answered that he received it from a friend. When asked the friend's identity, the respondent's reply was circumspect. He said, "I can't even think about his name now," even though he indicated that he had known this individual for 3 to 4 years. The Service then asked if there was anyone else involved in the conspiracy to sell the cocaine. This time, the respondent stated that he knew his accomplice's first name only, even though he had known him for 5 or 6 years.

The respondent attempted to show that he had completed his rehabilitation. He testified that he had no other convictions, that he pleaded guilty to his offenses, and that he had complied with all the terms of his probation. Notwithstanding his testimony, we conclude that the respondent has not established rehabilitation. During his testimony at the deportation hearing, the respondent was unwilling to give straightforward answers in response to the Service's questioning. The respondent did not express any remorse and was unwilling to provide details regarding his cocaine transactions. For these reasons, we conclude that he did not prove rehabilitation.

After evaluating the facts of this case, we find that a grant of relief is not warranted or in the best interests of this country. In reaching this conclusion, we have considered the respondent's outstanding equities and the serious adverse factors presented in this case, as well as our determination that he has not demonstrated either rehabilitation or other factors to merit a favorable exercise of discretion. While the respondent's deportation may well involve hardship to himself and certainly much unhappiness for his family, the responsibility for this result rests with the respondent alone. The record reflects that the respondent's mother lives in the same dwelling with his sister and was forced to live without his assistance during his incarceration. While the respondent's departure will cause his mother some hardship, it will not be unlike the hardship she endured while he was incarcerated. The respondent's sister will be able to provide support to her. The respondent testified that he does still speak Portuguese and would be able to continue his employment as a fisherman in Portugal. Accordingly, the respondent's request for a waiver of inadmissibility is denied in the exercise of discretion.

In addition to his appeal, the respondent has moved this Board to remand his case for further proceedings to submit additional information regarding his waiver application. The respondent, through counsel, contends that he can now show that he is completely rehabilitated. The respondent reasons that since he can now prove rehabilitation, he merits another opportunity to present additional

evidence for his waiver application. We will deny the respondent's request to remand for further proceedings.

Motions to remand are not expressly addressed by the Act or the regulations. However, such motions are commonly addressed to the Board. *See generally* Gerald S. Hurwitz, *Motions Practice Before the Board of Immigration Appeals*, 20 San Diego L. Rev. 79 (1982). Motions to remand are an accepted part of appellate civil procedure and serve a useful function. *See, e.g.*, 28 U.S.C. § 2106 (1988).

Where a motion to remand simply articulates the remedy requested by an appeal, we treat it as part of the appeal and do not require it to conform to the standards for consideration of motions. However, where a motion to remand is really in the nature of a motion to reopen or a motion to reconsider, it must comply with the substantive requirements for such motions. The requirements for these motions are set forth at 8 C.F.R. §§ 3.2 and 3.8 (1991). *See also* 8 C.F.R. §§ 103.5, 242.22 (1991). In this instance, the motion to remand is in the nature of a motion to reopen since the respondent requests additional proceedings to present evidence regarding his rehabilitation which was not available during the initial proceedings.

The Supreme Court has recently revisited this Board's authority to deny a motion to reopen deportation proceedings. *INS v. Doherty*, 502 U.S. 314 (1992). First, the Supreme Court reemphasized that there is no statutory provision for the reopening of a deportation proceeding and noted that the authority for such motions is derived solely from regulations promulgated by the Attorney General. *Id.*; *see also INS v. Rios-Pineda*, 471 U.S. 444, 446 (1985). Further, the regulation pertaining to motions to reopen, 8 C.F.R. § 3.2 (1991), is couched solely in negative terms. *INS v. Doherty, supra*, at 315.[3] As the Supreme Court stated, the pertinent regulation "requires that under certain circumstances a motion to reopen be denied, but it does not specify the conditions under which it shall be granted." *Id.* In fact, the regulation does not specify any circumstances in which a motion to reopen must be granted. *INS v. Jong Ha Wang*, 450 U.S. 139, 143 n.5 (1981) (per curiam). Moreover, the regulations "plainly disfavor" motions to reopen. *INS v. Abudu*, 485 U.S. 94, 110 (1988).

The Supreme Court has also noted that the granting of a motion to reopen is discretionary and that the Attorney General has "broad discretion" to grant or deny such motions. *INS v. Doherty, supra*, at 315; *INS v. Rios-Pineda, supra*, at 449; *INS v. Phinpathya*, 464 U.S.

---

[3]The regulation provides in pertinent part as follows: "Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing ...." 8 C.F.R. § 3.2 (1991).

183, 188 n.6 (1984); *see also INS v. Jong Ha Wang, supra,* at 143 n.5. Further, a party seeking reopening bears a "heavy burden." *INS v. Abudu, supra,* at 110. In this regard, the Court has stated: "Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing, and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty, supra,* at 315-16 (footnote omitted); *see also INS v. Abudu, supra,* at 107-08; *INS v. Rios-Pineda, supra,* at 450.[4]

The Supreme Court has held that there are "at least" three independent grounds on which this Board might deny a motion to reopen. *INS v. Doherty, supra,* at 316; *INS v. Abudu, supra,* at 104-05. In the first instance, this Board may deny a motion to reopen based upon the failure to establish a prima facie case for the relief sought. *INS v. Doherty, supra,* at 316; *see also INS v. Abudu, supra; INS v. Jong Ha Wang, supra; Yousif v. INS,* 794 F.2d 236 (6th Cir. 1986); *Bahramnia v. United States INS,* 782 F.2d 1243 (5th Cir.), *cert. denied,* 479 U.S. 30 (1986); *Matter of Ruiz,* 20 I&N Dec. 91 (BIA 1989); *Matter of Egbunine,* 19 I&N Dec. 478 (BIA 1987); *Matter of Tuakoi,* 19 I&N Dec. 341 (BIA 1985); *Matter of Reyes,* 18 I&N Dec. 249 (BIA 1982); *Matter of Martinez-Romero,* 18 I&N Dec. 75 (BIA 1981), *aff'd,* 692 F.2d 595 (9th Cir. 1982). Secondly, the Board must deny a motion to reopen in the absence of previously unavailable, material evidence. *See* 8 C.F.R. § 3.2 (1991). Thirdly, where the ultimate relief is discretionary, the Board may conclude that we would not grant the relief in the exercise of discretion; therefore, a moving party must show that he warrants the relief sought as a matter of discretion. *INS v. Doherty, supra,* at 316; *Matter of Leon-Orosco and Rodriguez-Colas,* 19 I&N Dec. 136 (BIA 1983; A.G. 1984); *Matter of Martinez-Romero, supra; Matter of Rodriguez-Vera,* 17 I&N Dec. 105 (BIA 1979); *see also*

---

[4]The Supreme Court has found the appropriate analogy in a criminal setting to be a motion for a new trial on the basis of newly discovered evidence. *INS v. Doherty, supra; INS v. Abudu, supra.* In such motions, the "'courts will indulge all presumptions in favor of the validity of a verdict.'" *Taylor v. Illinois,* 484 U.S. 400, 414 n.18 (quoting *Ragnar Benson, Inc. v. Kassab,* 325 F.2d 591, 594 (3d Cir. 1963)); *see also INS v. Abudu, supra,* at 110. A motion for a new trial based on newly discovered evidence "'may not be granted unless ... the facts discovered are of such nature that they will probably change the result if a new trial is granted, ... they have been discovered since the trial and could not by the exercise of due diligence have been discovered earlier, and ... they are not merely cumulative or impeaching.'" *Taylor v. Illinois, supra,* at 414 n.18 (quoting *Lloyd v. Gill,* 406 F.2d 585, 587 (5th Cir. 1969)).

*INS v. Rios-Pineda, supra,* at 449; *Matter of Tuakoi, supra; Matter of Reyes, supra.*

In a case such as the present one, making a prima facie showing of eligibility for the underlying relief being sought is largely irrelevant, as the respondent has already established eligibility to be considered for relief under section 212(c) of the Act and has already been provided the opportunity to apply for such relief. Moreover, the issue is not simply whether there is "new" evidence as, in some respects, there arguably always will be additional evidence regarding a respondent's application for relief under section 212(c) of the Act, as the mere passage of time can be said to augment an applicant's equities. Rather, in cases such as this, the Board ordinarily will not consider a discretionary grant of a motion to remand unless the moving party meets a "heavy burden" and presents evidence of such a nature that the Board is satisfied that if proceedings before the immigration judge were reopened, with all the attendant delays, the new evidence offered would likely change the result in the case. *See INS v. Doherty, supra,* at 315-16; *INS v. Abudu, supra,* at 102-11. Stated another way, if we conclude that our decision on the appeal would be the same even if the proffered evidence were already part of the record on appeal, we will deny the motion to remand.

In this case, the respondent's motion to remand is predicated on his assertion that he can now show that he has rehabilitated himself.[5] The only actual new claims presented in the motion are that a pre-release investigation request submitted by the respondent indicated that there had been no adverse comments noted during the respondent's incarceration and no disciplinary action taken; that the respondent has continued to comply with the conditions of his parole; that the respondent paid a school bill for his two children; and that an acquaintance has offered support to the respondent. We do not find that this proffered evidence warrants reopening of the proceedings before the immigration judge for a further evidentiary hearing.

Contrary to the respondent's contention, the proffered evidence does not in our view "clearly establish" his rehabilitation. The respondent still has failed to adequately address either the severity of his criminal activity or his evasive testimony given at his deportation hearing involving his criminal complicity in the sale of cocaine. Moreover, even if the information provided by the respondent was

---

[5] This Board received the respondent's motion to remand prior to our entry of a final administrative order of deportation. Accordingly, the respondent is still statutorily eligible for consideration of a waiver of inadmissibility. *See Matter of Lok,* 18 I&N Dec. 101 (BIA 1981), *aff'd on other grounds,* 681 F.2d 107 (2d Cir. 1982); *see also Matter of Cerna,* 20 I&N Dec. 399 (BIA 1991), *aff'd,* 979 F.2d 212 (11th Cir. 1992).

indicative of his rehabilitation and the evidence had already been a part of the record on appeal, that showing alone would not compel the favorable exercise of discretion. *See Matter of Edwards, supra.* The record reflects that the respondent has engaged in the use and sale of cocaine over a number of years. He freely engaged in the sale of cocaine to the point where he was arrested and convicted for possession of 2 pounds of cocaine, which he intended to sell for $50,000. The additional information proffered by the respondent is largely cumulative of the evidence already in the file. We do not find that the respondent has met the "heavy burden" required to satisfy us that reopened proceedings before the immigration judge are warranted. Had the information proffered by the respondent already been part of the record on appeal, the decision on appeal would be the same. Under such circumstances, the motion to remand will be denied.

**ORDER:**    The appeal is dismissed.

**FURTHER ORDER:**    The motion to remand is denied.