**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-2283**

_____

MARTIN PETER; AUDREY PETER; C.P.,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A71-955-386; A71-955-384; A71-955-385)

_____

Argued:  October 26, 2006          Decided:  December 29, 2006

_____

Before WILKINS, Chief Judge, and WIDENER and DUNCAN, Circuit
Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Jonathan Scott Greene, HOWANSKI & GREENE, L.L.C., Towson,
Maryland, for Petitioners.  Eric Warren Marsteller, UNITED STATES
DEPARTMENT OF JUSTICE, Office of Immigration Litigation,
Washington, D.C., for Respondent.  **ON BRIEF:** Peter D. Keisler,
Assistant Attorney General, Civil Division, Carol Federighi, Senior
Litigation Counsel, UNITED STATES DEPARTMENT OF JUSTICE, Office of
Immigration Litigation, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Martin J. Peter ("Mr. Peter"), a citizen of South Africa, came to the United States on a temporary basis in 1991, seeking medical treatment for his two children who suffer from a rare genetic illness. In July 2001, Mr. Peter's petition for alien worker status was approved and the Department of Homeland Security ("DHS") filed with Mr. Peter a joint motion to reopen before the immigration judge so that the Peters could file for adjustment of status. Unfortunately, Mr. Peter concealed an arrest for solicitation of a prostitute from the immigration judge; when the immigration judge became aware of this untruth, he denied Mr. Peter's motions to reopen and reconsider. Mr. Peter appealed this decision to the Board of Immigration Appeals ("BIA") which affirmed the immigration judge's decision. He then appealed the BIA's decision to this court, alleging that both the immigration judge and BIA abused their discretion in denying his motions to reopen and reconsider. Mr. Peter also alleges that the immigration judge violated due process in denying these motions without a hearing. For the reasons that follow, we affirm.

I.

Mr. Peter, a South African citizen, entered the United States with his wife and two children ("the Peters") in May 1991 with authorization to remain until November 1991. Mr. Peter's children

2

were to receive treatment for a rare mitochondrial disease at Johns Hopkins University.[1]  Still in the U.S. on January 14, 1992, the Peters received permission to depart before January 13, 1993 and later received an extension until July 10, 1994.  The Peters did not leave the country by this deadline.  In June 1996, Mr. Peter was charged with deportability for remaining in the country longer than permitted, and on August 21, 1996, an immigration judge granted  Mr. Peter's application for voluntary departure but also issued an alternative removal order if Mr. Peter failed to depart by March 1, 1997.  Again, the Peters did not leave the United States.

In July 2001, Mr. Peter's petition for alien worker status was approved and the Department of Homeland Security ("DHS") filed with him a joint motion to reopen before the immigration judge so that the Peter family could file for adjustment of status.  Mr. Peter was required to fill out a variety of paperwork related to this motion, including a Form I-485, which asks: "Have you ever, in or outside the U.S. . . . been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations?" J.A. 5.   Mr. Peter answered "no." Id.  A separate question asked whether he had "within the past 10 years been a prostitute or procured anyone for

---

[1]The Peters' son passed away in 1999.

prostitution." Id.  Mr. Peter answered "no" again. Id.  On July 22, 2004, the immigration judge granted the joint motion to reopen.

After granting the motion, however, the judge learned that Mr. Peter had been arrested for soliciting a prostitute in 1997.  The immigration judge then sua sponte vacated his July 22 order and denied the joint motion to reopen.  The judge found that the information about the crime was concealed from the court and stated that he would not have granted the motion initially had he been aware of the incident.

Mr. Peter then filed a motion to reconsider and an alternative motion to reopen with the immigration judge.  His primary argument was that the alleged misrepresentation was nonmaterial and that the unique medical needs of his children warranted adjusting his status.  In February 2005, the immigration judge denied these motions, finding them "meritless." J.A. 51.  The judge explained that his decision to vacate was based on Mr. Peter's concealment of his solicitation incident from the court.  Because Peter did not allege any error of law in the immigration judge's exercise of discretion, the judge denied the motion to reconsider.  The judge also denied Mr. Peter's motion to reopen as a matter of law and as a matter of his discretion.  The motion was denied as a matter of law because Mr. Peter was not admissible on two grounds: because he (1) solicited a prostitute and (2) concealed his criminal record. The judge concluded that Mr. Peter's misrepresentation was

4

material.  The immigration judge also found that even if Peter had been legally eligible for relief, he would have exercised his discretion and denied the motion to reopen.

After the immigration judge denied his motions, Mr. Peter filed an appeal with the BIA.  He argued that the immigration judge (1) denied him due process rights by vacating the earlier decision without a full evidentiary hearing, (2) abused his discretion by refusing to grant Mr. Peter a discretionary waiver of inadmissibility, (3) erred in finding that the single act of solicitation was enough to render him inadmissible under Immigration and Nationality Act ("INA") § 212(a)(2)(D)(ii), and (4) erred as a matter of law in concluding that Mr. Peter's misrepresentation was material.  See J.A. 58-71. Mr. Peter also argued that the immigration judge cited an incorrect statute as grounds for finding him inadmissible.

On October 20, 2005, the BIA adopted and affirmed the immigration judge's decision denying Mr. Peter's motions to reconsider and reopen.  The BIA found that the alleged errors of law or fact were not supported in the record or the law, and it also found that Mr. Peter was not prejudiced by the immigration judge's citation of the improper code section because Mr. Peter had admitted to soliciting a prostitute which was grounds for inadmissibility. See J.A. 74.  Also, the BIA found that Mr. Peter failed to make out a prima facie case for adjustment of status.

5

The BIA noted that a conviction record for the solicitation incident was not required to establish inadmissibility because the inadmissibility is not based on being convicted of a crime. 8 U.S.C. § 1182(a)(2)(D). Ultimately, the BIA criticized the immigration judge's decision to reverse the decision to reopen prior to holding a hearing but found that this was not an error worthy of remand. After the BIA adopted the immigration judge's order, Mr. Peter filed a petition for review with this court.

## II.

### A.

We first consider whether the BIA erred by affirming the immigration judge's denial of Mr. Peter's motion to reopen. Because we agree with the BIA that the immigration judge had the authority to sua sponte reconsider his decision to grant the motion, we find no error.

We review a denial of a motion to reopen for an abuse of discretion. INS v. Abudu, 485 U.S. 94, 104-05 (1988). "This Court's review of a decision by the BIA denying a motion to reopen is extremely deferential; we will not reverse the BIA absent an abuse of discretion." Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). A party moving to reopen bears a heavy burden. Abudu, 485 U.S. at 110. Motions to reopen "are disfavored. . . . This is especially true in a deportation proceeding, where, as a general

6

matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323 (1992). Federal regulations also clearly state that an immigration judge "may upon his or her own motion at any time . . . reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals." 8 C.F.R. § 1003.23(b)(1).

An immigration judge may deny a motion to reopen on at least three different grounds: (1) for failure to establish a prima facie case for the relief sought; (2) in the absence of previously unavailable material evidence; and (3) where the ultimate relief is discretionary, if the party fails to show he warrants the relief sought as a matter of discretion. In Re Coelho, 20 I. & N. Dec. 464, 472 (BIA 1992). Moreover, this court must uphold the BIA's affirmance of a denial of a motion to reopen unless it "(1) was made without a rational explanation, (2) inexplicably departed from established policies, or (3) rested on an impermissible basis such as invidious discrimination against a particular race or group." M.A. v. INS, 899 F.2d 304, 310 (4th Cir. 1990) (superseded in part by the 1996 adoption of 8 U.S.C. § 1229a(c)(6) creating a statutory provision for motions to reopen) (quoting Oviawe v. INS, 853 F.2d 1428, 1431 (7th Cir. 1988)).

Below, the BIA affirmed the immigration judge's denial of the motion to reopen on two of the grounds above. First, the BIA

7

affirmed the immigration judge's denial of the motion to reopen on the grounds that his discretion counseled against granting it because Mr. Peter concealed the solicitation arrest. Second, the BIA affirmed the immigration judge's denial of the motion to reopen because the judge found that Mr. Peter failed to establish a prima facie case for adjustment of status. Either of these grounds is an independently sufficient basis on which to deny the motion. See Abudu, 485 U.S. at 104-05.

We need not reach the question of whether Mr. Peter established a prima facie case for relief, as even if he had, the immigration judge had discretion to deny a motion to reopen. 8 C.F.R. § 1003.23(b)(3). It is clear that where the ultimate relief sought is discretionary, as it is for a motion to reopen, an immigration judge may deny the relief if the party fails to show he warrants the relief sought as a matter of discretion. See In Re Coelho, 20 I. & N. Dec. 464, 472 (BIA 1992). Mr. Peter argues that because the judge initially granted the motion to reopen, he lacked the authority to change his mind and deny it sua sponte. Federal regulations state, however, that an immigration judge "may upon his or her own motion at any time . . . reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration appeals." 8 C.F.R. § 1003.23(b)(1). Both common sense and the regulations lead us to the inescapable conclusion that if the immigration judge had the

8

power to grant the motion to reopen, which is discretionary relief, he had the power to deny it if jurisdiction had not vested in the BIA, which it had not here.

Also, the immigration judge clearly explained that he denied the motion to reopen because Mr. Peter concealed his solicitation arrest from the court. As explained above, he filed statements before the court denying ever having been arrested or soliciting a prostitute. Mr. Peter had an opportunity to discuss the conviction before the court and instead proclaimed that his record was "clean." Importantly, as we have explained, motions to reopen are disfavored, and our review of the BIA and immigration judge's rulings is severely circumscribed. The immigration judge explained (and the BIA reiterated) that Mr. Peter's untruthfulness before the tribunal was the reason for denying relief; we find that this was rational, this was in line with established policies, and there is no evidence that the ruling "rested on an impermissible basis such as invidious discrimination against a particular race or group." See M.A., 899 F.2d at 310. Therefore, we find no abuse of discretion.

B.

We next consider whether the BIA erred by affirming the immigration judge's denial of Mr. Peter's motion to reconsider.

9

Again, because we agree with the BIA that the immigration judge had the authority to sua sponte reconsider his decision to grant the motion, we find no error.

We review a motion to reconsider under the same "extremely deferential" standard as a motion to reopen: abuse of discretion. See Stewart, 181 F.3d at 595. The BIA has explained that a motion to reconsider is proper when a petitioner raises "additional legal arguments, a change of law, or . . .an aspect of the case which was overlooked." In re Cerna, 20 I. & N. Dec. 399, 402 n.2 (BIA 1991). As explained above, an immigration judge "may upon his or her own motion at any time . . . reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration appeals." 8 C.F.R. § 1003.23(b)(1).

On appeal, Mr. Peter argues that the BIA erred as a matter of law in holding that 8 C.F.R.§ 1003.23(b)(1) permits an immigration judge to reconsider a prior decision at any time prior to jurisdiction vesting with the BIA. Peter argues that the BIA erred in affirming the immigration judge's denial of the motion to reconsider for two reasons: (1) because the judge lacked authority to reconsider his prior decision sua sponte, and (2) both the judge and the BIA relied improperly on contested facts regarding Peter's history of soliciting a prostitute. We dismiss Mr. Peter's first argument on the same analysis that we affirm the court's denial of his motion to reopen above. Again, federal regulations and common

10

sense weigh in favor of our finding that the immigration judge had the authority to reconsider his own decision sua sponte. See 8 C.F.R. § 1003.23(b)(1). We find that the immigration judge had the authority to reconsider his prior decision and that the BIA was within its discretion to affirm it.

The essence of Mr. Peter's second argument--that the BIA erred in affirming the denial of his motion to reconsider--is that the BIA "based its decision to affirm the immigration judge in substantial part on its misimpression that [Peter] had admitted committing the crime of solicitation." In Mr. Peter's characterization of the facts, he did not admit to solicitation: he merely admitted to being arrested for solicitation. He argues that legally the arrest is not grounds for inadmissibility. Rather, Mr. Peter argues, engaging in the act of solicitation itself is grounds for inadmissibility. The immigration judge did not point to the act of solicitation as the reason for denying the motion to reconsider; he denied the motion because Mr. Peter was not truthful about the arrest and concealed it from the court. Although the BIA did inaccurately characterize Mr. Peter's admission as being to solicitation rather than an arrest for solicitation, this was not the basis for the BIA's affirmance of the immigration judge's decision. Rather, the BIA found no clear error warranting remand as the judge exercised his discretion pursuant to federal immigration law. Under the appropriate level

11

of deference we must show to the BIA's ruling, there is no abuse of discretion warranting a reversal on this issue. See Stewart, 181 F.3d at 595.

C.

We next consider whether the immigration judge and BIA violated Mr. Peter's due process rights by denying his motions without a hearing.  We also find no due process violation.

We review due process claims de novo.  Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 278 (4th Cir. 2004).  Although the Supreme Court has made it clear that a lawful alien may not be deprived of liberty without due process, Matthews v. Diaz, 426 U.S. 67, 77 (1976), a petitioner cannot mount a due process claim without first showing that he has a protected liberty or property interest at stake, Board of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972).  We have "held that discretionary statutory 'rights' do not create liberty or property interests protected by the Due Process Clause" and that the right to suspension of deportation is just such a discretionary right. Smith v. Ashcroft, 295 F.3d 425, 430 (4th Cir. 2002).

As we find that there is no protected right at issue, there can be no due process violation here.  There must be entitlement to a benefit to constitute a protected right, in contrast to a

12

discretionary benefit, and here, the benefit in question is adjustment of status which is discretionary in nature. See id. at 430. Mr. Peter argues that the immigration judge violated his due process rights when he initially scheduled a hearing on his motions and then cancelled it after finding out that Mr. Peter had lied about his solicitation arrest. This argument fails because it ignores the threshold requirement that there be a protected right at issue. Our precedent dictates that a discretionary right does not give rise to a due process claim. See id. at 425. Therefore, we hold that Mr. Peter has no due process claim.

III.

In conclusion, we hold that the immigration judge was within his authority to deny Mr. Peter's motions and that there was no due process violation.[2] It is hereby ordered that the order of the Board of Immigration Appeals is

AFFIRMED.

---

[2]In so concluding we recognize that further recourse remains open to the Peters. As the government acknowledged during oral argument, the Peters may still petition for relief from the Attorney General. Given the unique medical needs of their daughter, we are confident that the government will give due consideration to their request for relief.