

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2007

# Estrada v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2737

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Estrada v. Atty Gen USA" (2007). *2007 Decisions.* Paper 548.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/548

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2737

———————

ERIK ESTRADA;
IVANA CATHERINE LEON SANTOSO,

Petitioners,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-266-943; 944)

_____

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2007

Before: SLOVITER, ALDISERT and ROTH, <u>Circuit Judges</u>

(Opinion filed: August 23, 2007)

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

Erik Estrada and Ivana Santoso, husband and wife, petition this Court for review of the April 20, 2006 decision of the Board of Immigration Appeals (BIA or Board), in which the Board denied Petitioners' motion to reopen removal proceedings based upon changed country conditions. Because we find that the BIA did not abuse its discretion in denying Petitioners' motion, which proffered new evidence that was essentially cumulative of the evidence originally presented, we will deny the petition for review.

## I. **BACKGROUND**

Petitioners are citizens and natives of Indonesia. They entered the United States legally but overstayed their visas. Estrada timely applied for asylum, withholding of removal, and relief under the Convention Against Torture. He named his wife as a derivative applicant. (She was ineligible to apply in her own right, having missed the filing deadline.) Estrada alleged past persecution and fear of future persecution based on his Chinese ethnicity and Christian faith. On February 13, 2004, an immigration judge (IJ) in Philadelphia conducted a full merits hearing. Estrada presented evidence of hostility toward and violence against Christians and Chinese by Muslims in Indonesia. This evidence included U.S. State Department reports on human rights and religious freedom in Indonesia from 2002 and 2003, as well as various other related articles. After the hearing, the IJ issued an oral decision denying Estrada's requests for relief from removal. This denial necessarily foreclosed Santoso's requests as well, although she was granted voluntary departure. Petitioners

2

appealed the IJ's decision. On August 3, 2005, the BIA adopted the IJ's reasoning and dismissed Petitioners' appeal.

Estrada and Santoso did not petition this Court for review of the BIA's August 3rd decision. Rather, on March 15, 2006, Petitioners filed a motion to reopen under 8 C.F.R. § 1003.2(c). The new evidence attached to Petitioners' motion to reopen included affidavits by Petitioners, the State Department reports that were already part of the administrative record before the IJ, various articles dated before the merits hearing on February 13, 2004, a State Department Travel Warning for Indonesia from 2004, State Department reports on religious freedom in Indonesia from 2004 and 2005, and numerous articles post-dating the February 13th merits hearing. Petitioners argued that this evidence demonstrated changed country conditions, specifically the growing concern related to the influence of Muslim extremists in Indonesia. On April 20, 2006, the BIA denied Petitioners' motion to reopen based on its determinations that Petitioners failed to demonstrate (1) sufficient changed circumstances in Indonesia, or (2) that the new evidence would likely change the outcome of their case. This timely petition for review followed.

## II. **DISCUSSION**

The BIA had jurisdiction under 8 C.F.R. § 1003.2(c). This Court has jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153 (3d Cir. 2007). The Board's decision must be reversed if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290

3

F.3d 166, 175 (3d Cir. 2002). Thus, our review is "highly deferential." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). Generally, motions to reopen are granted only under "compelling circumstances," *id.* at 561, as such motions are "disfavored." *INS v. Doherty*, 502 U.S. 314, 323 (1992).

Under 8 U.S.C. § 1229a(c)(7)(C), which generally requires a motion to reopen to be filed within 90 days of the final administrative order, Petitioners' March 15, 2006 motion was untimely as it was filed more than 90 days after the Board's August 3, 2005 order of removal. However, under the "changed circumstances" exception of 8 C.F.R. § 1003.2(c)(2), a motion to reopen may be filed at anytime if it is based on evidence of "changed country conditions arising in the country of nationality" that "is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Even if the changed circumstances exception is met, the BIA ordinarily will not consider a discretionary motion to reopen unless the moving party meets the "heavy burden" of demonstrating that the newly proffered evidence "would likely change the result of the case." *Matter of Coelho*, 20 I.&N. Dec. 464, 473 (BIA 1992) (citing *Doherty*, 502 U.S. at 323); *see also Guo*, 386 F.3d at 563 (movant seeking reopening of removal proceedings must "produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief") (internal quotations and citation omitted).

The BIA properly disregarded the documents attached to Petitioners' motion to reopen that pre-dated February 13, 2004, the date of the merits hearing before the IJ, as that evidence

4

was previously available and could have been presented at the previous hearing. The Board did consider the evidence that *post*-dated the merits hearing, but concluded that it did "not demonstrate[] eligibility for any of the [changed circumstances] exceptions . . . including the subsection (c)(3)(ii) exception" for changed country conditions. The Board did not abuse its discretion in so concluding. The material which postdated the merits hearing was essentially cumulative of the evidence presented to the IJ and merely reinforced Estrada's original claims for relief. Because the newly proffered evidence was neither material nor novel, it failed to meet the requirements of the "changed circumstances" exception of 8 C.F.R. § 1003.2(c)(2). *See also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA also considered whether Estrada had met his "heavy evidentiary burden" under *Coelho*, 20 I.&N. Dec. at 473. The BIA concluded that he had not, and the Board did not abuse its discretion in so concluding. As noted by the BIA, the general information contained in newly proffered evidence was "not . . . highly probative of the respondent's particular claims."[1]

## III. CONCLUSION

For the foregoing reasons, we will **DENY** the petition for review of the BIA's April 20, 2006 decision.

---

[1] Because the BIA did not abuse its discretion in concluding that Petitioners' motion to reopen was foreclosed, we need not reach Petitioners' second argument on appeal regarding the Board's failure to address the alleged pattern and practice of persecution against Chinese and Christians in Indonesia.

5