08-2812-ag
Lao v. Holder

BIA
DeFonzo, IJ
A098 906 053

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

CHUN HUA LAO,
> *Petitioner,*

> v.                                                08-2812-ag
>                                                    NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Alexander K. Yu, New York, New York.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**FOR RESPONDENT:** George G. Katsas, Assistant Attorney General, Leslie McKay, Assistant Director, Anna E. Nelson, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part DENIED in part.

Petitioner Chun Hua Lao, a native and citizen of China, seeks review of a May 13, 2008, order of the BIA denying her motion to remand and affirming the May 31, 2006, decision of Immigration Judge ("IJ") Paul A. DeFonzo pretermitting her application for asylum.[2] *In re Chun Hua Lao*, No. A0098 906 053 (B.I.A. May 13, 2008), *aff'g* No. A0098 906 053 (Immig. Ct. N.Y. City May 31, 2006).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to review the agency's decision insofar it pretermitted as untimely Lao's application for asylum.  *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(B).  While we retain jurisdiction to review

---

[2] The IJ granted Lao withholding of removal to China.

2

constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Lao has made no such arguments. *See Saloum v. USCIS*, 437 F.3d 238 (2d Cir. 2006) (stating that a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb). We dismiss the petition for review to that extent, but proceed to consider the BIA's denial of Lao's motion to remand.

A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-157 (2d Cir. 2005); *In re Coelho,* 20 I. & N. Dec. 464, 471 (BIA 1992). The BIA has "broad discretion" to deny a motion to remand grounded on new evidence. *See Li Yong Cao*, 421 F.3d at 156-157 (citing *INS v. Doherty,* 502 U.S. 314, 323, 112 S. Ct. 719, 116 L. Ed. 2d 823 (1992)). Permissible reasons to deny such a motion include the movant's failure to make out a *prima facie* case for asylum. *Id.* This Court reviews the BIA's denial of a motion to remand for abuse of discretion. *Id.* at 157.

We find no error in the BIA's refusal to remand Lao's case to the IJ based on her third pregnancy. The IJ

pretermitted Lao's application for asylum as untimely, finding that because she fled China in fear of its family planning policy, the birth of her first two children was not a "changed or extraordinary" circumstance excusing the untimely filing of her asylum application. *See* 8 U.S.C. § 1158(a)(2)(D). Nonetheless, the IJ granted Lao's request for withholding of removal to China. In denying Lao's motion to remand, the BIA determined that her pregnancy with her third child did not "represent a change in her circumstances that would materially affect her eligibility for asylum." We find no abuse of discretion in that decision. *See Li Yong Cao,* 421 F.3d at 151.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk