NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3058
_____

ANIBAL ROLANDO ARROBO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-449-130)
Immigration Judge: Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2012

Before:  SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Filed: January 27, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Anibal Arrobo ("Arrobo") petitions for review of the Board of Immigration

Appeals' decision denying his motion for reconsideration.  For the reasons that follow,

we will deny the petition for review.

Arrobo, a native and citizen of Ecuador, is removable under Immigration &

Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien

present in the United States without being admitted or paroled. On January 7, 2009, the

Immigration Judge granted his application for voluntary departure, and gave him until

March 9, 2009 to depart; alternatively, the IJ ordered his removal to Ecuador.

On January 24, 2009, Arrobo married a United States citizen, Sofia Fajardo, and

she later filed a Form I-130 visa petition on his behalf. On or about February 23, 2009,

Arrobo filed a timely motion to reopen removal proceedings in Immigration Court, 8

C.F.R. 1003.23(b), in order to pursue adjustment of status based on this marriage. He

requested that the period of voluntary departure be stayed, and he attached to his motion

an application for adjustment of status, Fajardo's recently filed immediate relative

petition, and other documents supporting the validity of the marriage. In an affidavit in

support, Arrobo indicated his intention to apply for adjustment of status under INA §

245(i), and he stated that he was the beneficiary of an immediate relative petition filed by

his former United States citizen spouse Helen Resto (Arrobo) prior to the sunset of INA §

245(i). The Department of Homeland Security opposed the motion.

On March 13, 2009, the Immigration Judge denied the motion to reopen. The IJ

reasoned, in pertinent part, that Arrobo had not shown that he was eligible to adjust his

status under INA § 245(i) because he had not shown that he was not the beneficiary of a

"grandfathered" visa petition; that is, he was not the beneficiary of a labor certification or

visa petition filed on or before April 30, 2001. Arrobo appealed to the Board of

Immigration Appeals, contending, among other things, that he is the beneficiary of a

grandfathered application for adjustment of status, that the record "contains, or should contain" a copy of a petition filed by his former wife, Helen Resto (Arrobo), A.R. 36, and he attached, for the first time, a visa petition bearing the signature "Helen Resto," purportedly made on January 24, 1997, A.R. 41.

On December 9, 2010, the Board dismissed the appeal, concluding that the motion to reopen was properly denied because Arrobo failed to establish prima facie eligibility for adjustment of status, see 8 C.F.R. § 1003.23(b)(3). Specifically, the Board concluded that Arrobo failed to meet his burden of proof to show that he was the beneficiary of a visa petition filed before April 30, 2001, as required by INA § 245(i)(1)(B)(i). The Board noted that Arrobo had submitted on appeal a Form I-130 visa petition, purportedly signed by his former spouse in 1997, but the Board declined to treat the new evidence as a basis for a remand because there was no indication whatever that the petition was properly filed, or approvable when filed, 8 C.F.R. § 1245.10(a)(1)(i)(A) ("Grandfathered alien means an alien who is the beneficiary . . . of [a] petition . . . which was properly filed with the Attorney General on or before April 30, 2001, and which was approvable when filed."). Last, the Board held that the IJ did not err under Dada v. Mukasey, 554 U.S. 1 (2008), in declining to stay the period of voluntary departure.

On January 10, 2011, Arrobo filed a short motion for reconsideration of the Board's decision, claiming again that he is the beneficiary of a grandfathered application for adjustment of status and is thus eligible to adjust his status, and that he had a visa petition pending that was approvable. He also contested the Board's reference in its December 9, 2010 decision to facts concerning an earlier date of entry into the United

3

States in 1994, and an earlier grant of voluntary departure in 2000, that were not a part of the record.[1]

On July 1, 2011, the Board found no material errors in its previous decision, but nonetheless chose to reconsider the decision sua sponte and deny relief. The Board decided that its statements regarding Arrobo's arrival and a previous of grant of voluntary departure should be deleted from the prior decision; the statements were dicta in that they did not concern Arrobo's failure to show prima facie eligibility for adjustment of status under INA § 245(i). In all other respects, the Board concluded that there were no errors in its prior decision that Arrobo did not establish that a visa petition was filed on his behalf on or before April 30, 2001, and that any such petition was approvable when filed.

Arrobo has timely petitioned for review of the Board's July 1, 2011 decision only. He argues in his brief that the agency erred in concluding that he did not establish prima facie eligibility for adjustment of status, erred in disregarding the visa petition executed by his former spouse, and erred in denying him voluntary departure.[2]

We will deny the petition for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and (b)(1) over the Board's decision denying Arrobo's motion for reconsideration. Arrobo did not file a timely petition for review of the Board's decision of December 9, 2010. See Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405 (1995).

---

[1] The Notice to Appear charged that Arrobo arrived in the United States in July, 2001.
[2] Although Arrobo cites Matter of Velarde, 23 I. & N. Dec. 253 (BIA 2002), in his brief, the issue before the agency, and here, concerns Arrobo's eligibility for adjustment of status under INA § 245(i), and not whether his post-order of removal marriage to Fajardo is *bona fide*.

We review the Board's denial of a motion for reconsideration for abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). Under this deferential standard of review, we will not disturb the Board's decision unless it is arbitrary, irrational, or contrary to the law. See Guo v. Ashcroft, 386 F. 3d 556, 562 (3d Cir. 2004). Motions to reconsider must demonstrate that the earlier Board decision suffered from a material error of fact or law. 8 C.F.R. § 1003.2(b)(1); 8 U.S.C. § 1229a(c)(6)(C). The Board does not abuse its discretion when it denies a motion for reconsideration on the ground that its original decision denying a motion to reopen was correct in all material respects. See id.

As the Board noted, the agency may deny a motion to reopen where a prima facie case for the relief sought has not been established. See Sevoian v. Ashcroft, 290 F.3d 166, 170-71 (3d Cir. 2002); Matter of Coelho, 20 I. & N. Dec. 464 (BIA 1992). Arrobo sought to reopen proceedings so that he could apply for adjustment of status under INA § 245(i). To be eligible for this form of relief, the applicant, who has entered the United States without being admitted or paroled, must demonstrate, among other things, that he is the recipient of relative or labor petition filed on or before April 30, 2001, and that the petition was approvable when filed. 8 U.S.C. § 1255(i); 8 C.F.R. § 1245.10. Arrobo did not make this showing. The Form I-130 signed by his former wife, Helen, which was dated January 24, 1997, AR 41-42, and which was submitted for the first time on appeal to the Board, was Arrobo's attempt to comply with this requirement of INA § 245(i), but, as the Board noted, this petition is not a part of the administrative record, and there is nothing in the administrative record to establish when, or if, this petition was ever filed.

5

The item submitted by Arrobo bears no evidence, like a date stamp, of filing in 1997 or at any other time.

It is insufficient for Arrobo to assert, without more, that the record "should" have contained this petition when he has provided insufficient detail concerning the alleged filing of this petition by his former spouse. We note that he had ample opportunity to do so. Contrary to Arrobo's assertion, see Petitioner's Brief, at 13, under the circumstances presented here, where removal proceedings were not initiated until July, 2001, it is his burden, and not the government's, to provide documentary evidence to establish compliance with the requirements of INA § 245(i). See Luevano v. Holder, 660 F.3d 1207, 1214 (10th Cir. 2011) (alien has burden to establish his adjustment eligibility). Moreover, the government plainly opposed both his motion to reopen and his motion for reconsideration.

Accordingly, as the Board concluded, Arrobo did not supply persuasive evidence that he is the beneficiary of a family-based petition that was filed before the sunset of INA § 245(i). Insofar as there were no material errors in the Board's original decision dismissing Arrobo's appeal from the IJ's denial of his motion to reopen, 8 C.F.R. § 1003.2(b)(1); 8 U.S.C. § 1229a(c)(6)(C), its decision with respect to Arrobo's motion for reconsideration was not arbitrary, irrational, or contrary to law.

Last, pursuant to a regulation which went into effect on January 20, 2009 and thus before Arrobo filed his motion to reopen, his grant of voluntary departure automatically terminated when he filed the motion. 8 C.F.R. § 1240.26(e)(1) ("The filing of a motion to reopen or reconsider prior to the expiration of the period allowed for voluntary

6

departure has the effect of automatically terminating the grant of voluntary departure, and accordingly does not toll, stay, or extend the period allowed for voluntary departure.") We note that Arrobo has not challenged the validity of this regulation. Moreover, as Arrobo himself notes, <u>see</u> Petitioner's Brief, at 14, <u>Dada</u>, 554 U.S. 1, holds only that an alien may *withdraw* a voluntary departure request as long as the request is made within the voluntary departure period.

For the foregoing reasons, we will deny the petition for review.