**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1018**

---

BLANCA CABRERA-SUCHITE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

---

**No. 23-2250**

---

BLANCA MARIELA CABRERA-SUCHITE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Argued:  October 29, 2024                    Decided:  December 18, 2024

---

Before WILKINSON and BENJAMIN, Circuit Judges, and Rossie D. ALSTON, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

─────────────

Remanded by unpublished per curiam opinion.

─────────────

**ARGUED:** Alaina Marie Taylor, MURRAY OSORIO PLLC, Fairfax, VA, for Petitioner. Richard Zanfardino, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:** Benjamin J. Osorio, Alaina M. Taylor, MURRAY OSORIO PLLC, Fairfax, VA, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Sabatino F. Leo, Office of Immigration Litigation, Richard Zanfardino, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Blanca Cabrera-Suchite requests remand of her claims for asylum, withholding of removal, protection under the Convention Against Torture, and cancellation of removal. Having reviewed the record, we find that remand is appropriate on Cabrera-Suchite's case in its entirety based on intervening caselaw.

Regarding Cabrera-Suchite's asylum claim, she argues, and we agree, that remand is appropriate in light of intervening caselaw related to domestic violence claims. *See Matter of A-B-*, 28 I. & N. Dec. 307, 308–09 (A.G. 2021). Remand is also appropriate for Cabrera-Suchite's cancellation of removal claim, as she was unable to pursue this relief earlier and did not have the opportunity to present this claim to the immigration judge ("IJ"). *See Mouns v. Garland*, 113 F.4th 399, 401, 412 (4th Cir. 2024) (distinguishing stringent standard set forth in *In re Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992), "requiring the movant to show that 'the new evidence offered would likely change the result in the case' " from "reasonable likelihood" standard set forth in *In re L-O-G-*, 21 I. & N. Dec. 413, 418–20 (B.I.A. 1996)); *In re L-O-G-*, 21 I. & N. at 420 ("Where an alien is seeking previously unavailable relief and has not had an opportunity to present her application before the Immigration Judge, the Board will look to whether there is sufficient evidence proffered to indicate a reasonable likelihood of success on the merits, so as to make it worthwhile to develop the issues further at a full evidentiary hearing.").

3

Accordingly, we remand Cabrera-Suchite's case in its entirety to the BIA with instructions to further remand to the IJ for reconsideration in light of intervening caselaw and the evidence set forth in her claim for cancellation of removal.[*]

*REMANDED*

---

[*] We express no view on the merits of Cabrera-Suchite's claims.

4