

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2008

# Deny v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3416

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Deny v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1780.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1780

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

proceedings. The petitioners are natives of Indonesia and ethnically Chinese. Because we agree with the Board of Immigration Appeals' (BIA) decision that the petitioners failed to demonstrate changed conditions in Indonesia, we will deny the petition for review.

I.

Because we write only for the parties, who are familiar with the facts and procedural history of this case, we will set forth only those facts necessary to our analysis.

Deny and Irwanto are husband and wife. They entered the United States in February 2001 as nonimmigrant visitors and remained beyond the period authorized. The former Immigration and Naturalization Service, now a part of the Department of Homeland Security, issued Notices to Appear on November 17, 2003, charging the petitioners with removability under 8 U.S.C. § 1227(a)(1)(B). The petitioners conceded removability and filed applications for asylum, withholding of removal and relief under the Convention Against Torture. On November 19, 2004, the Immigration Judge (IJ) found the petitioners removable and denied their applications for relief and ordered them removed to Indonesia. Petitioners filed a timely appeal with the BIA and, on October 31, 2005, the BIA affirmed the IJ's decision.

On January 24, 2006, the petitioners filed a motion to reopen their removal

proceedings. On January 11, 2006, the BIA adopted and affirmed the Immigration Judge's denial of their applications for asylum, withholding of removal and relief under the Convention Against Torture. Petitioners did not file a petition for review of the BIA's decision in this Court. On April 6, 2006, Petitioners filed a motion to reopen their immigration proceedings with the BIA, and the BIA denied the motion on June 15, 2006. We will deny the petition for review.

We review the BIA's denial of the motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992). This Court disfavors motions to reopen immigration proceedings "because 'as a general matter, every delay works to the advantage of the [removable] alien who wishes merely to remain in the United States.'" Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001) (quoting Doherty, 502 U.S. at 323). The Supreme Court has noted that the granting of "such motions too freely will permit endless delays of [removal] by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case" for relief. INS v. Abudu, 485 U.S. 94, 108 (1988). Accordingly, the BIA's denial of a motion to reopen will be upheld unless it was arbitrary, irrational or contrary to law. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

In their motion to reopen, Petitioners state that various documents detailing the worsening situation for Chinese Christians in Indonesia were attached to it. The BIA, however, did not receive such documents and therefore did not abuse its discretion by not considering those documents. Petitioners also submitted this Court's decision in Sukwanputra v. Gonzales, 434 F.3d 627 (3d Cir. 2006), as new evidence of a pattern of

2

persecution in Indonesia. The BIA did not abuse its discretion in determining that Sukwanputra was not persuasive. In Sukwanputra, this Court specifically stated that it was "not hold[ing] that a pattern or practice of persecution in Indonesia in fact exists." Id. at 637 n.10. Therefore the BIA did not abuse its discretion in declining to view Sukwanputra as new evidence warranting the reopening of Petitioners' immigration proceedings.

We conclude that the BIA properly denied Petitioners' motion to reopen because Petitioners have not met their heavy evidentiary burden. The BIA determined that the outcome of Petitioners' removal proceedings would be the same if the proceedings were reopened and the proffered new evidence presented. See Matter of Coelho, 20 I. & N. Dec. 464, 473 (BIA 1992) ("[T]he Board ordinarily will not consider a discretionary grant of a motion to remand unless the moving party meets a 'heavy burden' and presents evidence of such a nature that the Board is satisfied that if proceedings before the immigration judge were reopened, with all the attendant delays, the new evidence offered would likely change the result in the case.").

We have considered all of the contentions raised by the parties and conclude that no further discussion is necessary.

Accordingly, we will deny the petition for review of the BIA's decision not to reopen Petitioners' immigration proceedings.

3