OPINION
PER CURIAM.
Petitioner Simerjeet Singh, a native and citizen of India, seeks review of the Board of Immigration Appeals’ (“BIA”) denial of his motion to reopen proceedings. Because we conclude that the BIA did not abuse its discretion in denying that motion, we will deny Singh’s petition for review.
I.
Singh entered the United States without inspection in December 1992. His status was eventually adjusted to that of a conditional permanent resident following his marriage to Hattie Pender, a United States citizen. When the two divorced, the Government terminated Singh’s conditional permanent resident status and initiated removal proceedings. At a hearing before the Immigration Judge (“IJ”), Singh sought to block his removal by arguing that he was entitled to relief under 8 U.S.C. § 1186a(c)(4)(B).[1] In February 2006, the IJ denied the application, finding that Singh had “failed to show by a preponderance of the evidence that his marriage was entered into in good faith and not for the purpose of obtaining an Immigration benefit.” On November 13, 2007, the BIA upheld the IJ’s findings and dismissed the appeal. On December 6, 2007, Singh filed a motion to remand, claiming that his daughter’s anticipated naturalization entitled him to an adjustment of status. The BIA denied the motion on February 1, 2008, finding that since the daughter’s naturalization process was still pending, “any potential claim to adjustment of status is premature, and at best, speculative.”
Singh filed a motion to reopen proceedings on February 19, 2008, primarily claiming that he received ineffective assistance from his previous counsel who did not inform him that he could obtain a *446 hardship waiver under § 1186a(c)(4)(A) (“extreme hardship would result if such alien is removed”). On May 15, 2008, the BIA denied the motion, concluding that it exceeded the numerical and time limitations for motions to reopen under 8 C.F.R. § 1003.2(c)(2). The BIA determined that even if Singh could overcome the motion’s procedural deficiencies, and presuming that his prior counsel’s performance was deficient, Singh’s claim of “extreme hardship” lacked the requisite merit to demonstrate any prejudice resulting from counsel’s deficient performance. The BIA also determined that, insofar as Singh had raised a claim of ineffective assistance based on counsel’s failure to advise him of his ability to file a petition for review with this Court, Singh had “failed to substantially comply with the procedural requirements provided in Matter of Lozada [, 19 1. & N. Dec. 637 (BIA 1988) ] as it relates to this claim.”[2] Singh appealed, and the Government moved to dismiss his petition for review for lack of jurisdiction.
II.
We have jurisdiction to review final orders of the BIA under 8 U.S.C. § 1252(a).[3] We review the denial of a motion to reopen for abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir.2005); see also Cruz v. Attorney General of the United States, 452 F.3d 240, 242 (3d Cir.2006). Under this standard, we may reverse the BIA’s decision only if it is “arbitrary, irrational, or contrary to law.” Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.2002). We exercise de novo review of the BIA’s determination concerning an underlying procedural due process claim, such as a determination that an alien has failed to comply with the Lozada requirements to establish an ineffective assistance of counsel claim. See Fadiga v. Att’y Gen., 488 F.3d 142, 153 (3d Cir.2007).
When a motion to reopen is denied on prima facie grounds, we review any findings of fact for substantial evidence. See Sevoian, 290 F.3d at 174. Even if the movant has made out a prima facie case, the BIA has discretion to deny a motion to reopen if it is procedurally deficient. See 8 C.F.R. § 1003.2(a). In general, motions to reopen must be filed within ninety days from the date “the final administrative decision was rendered,” and only one such motion is allowed. 8 C.F.R. § 1003.2(c)(2). A motion to remand is equivalent to a motion to reopen for § 1003.2(c)(2) purposes where it requests the relief normally sought in a motion to reopen. See Matter of Coelho, 20 I. & N. Dec. 464, 471 (BIA 1992).
*447 III.
Pursuant to Matter of Coelho, the BIA was permitted to construe Singh’s motion to remand as a motion to reopen. See id. (“the motion to remand is in the nature of a motion to reopen since the respondent requests additional proceedings to present evidence ... which was not available during the initial proceedings”). As a result, the BIA did not abuse its discretion in concluding that Singh’s subsequent motion to reopen was number-barred under 8 C.F.R. § 1003.2(c)(2). Nor did it abuse its discretion to the extent it denied the motion to reopen on prima facie grounds. The BIA rightly concluded that Singh’s ineffective assistance claim, based on the alleged failure of prior counsel to apprise Singh of his eligibility for a § 1186a(c)(4)(A) hardship waiver, lacked merit because Singh had not demonstrated that he was prejudiced by not having applied for that waiver. To that end, we find no error in the BIA’s conclusion that Singh’s “simply stating that he has a lawful permanent resident daughter and United States citizen grandchildren, that he is a member of a Sikh association, that he is a business owner, and that he is learning English, without further explanation of what, if any, hardships are involved, does not show a prima facie claim of extreme hardship.”
Accordingly, we will deny the petition for review.

. Pursuant to 8 U.S.C. § 1186a(c)(4)(B), the Attorney General has discretion to remove the conditional basis of permanent resident status for an alien who, although divorced from the United States citizen spouse, nevertheless demonstrates that the marriage was entered into in good faith.

. Singh does not address this part of the BIA’s decision in his brief on appeal. As a result, any issues relating thereto are deemed waived. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir.2004).

. The Government cites to Urena-Tavarez v. Ashcroft, 367 F.3d 154 (3d Cir.2004), and Cospito v. Att’y Gen., 539 F.3d 166 (3d Cir.2008), for the proposition that we lack jurisdiction to review the discretionary denial of waivers under 8 U.S.C. § 1186a(c)(4). But we are not reviewing the denial of a discretionary hardship waiver; instead, we are reviewing the BIA's denial of Singh's motion to reopen based on the alleged ineffective assistance of his prior counsel. The Government, inadvertently perhaps, concedes this distinction. (Gov't Br. at 10) ("the Board did not adjudicate the hardship waiver[,] it adjudicated a motion to reopen"). Moreover, Cospito, and each of the cases we cited to therein, involved an alien's attempt at direct judicial review of the denial of a discretionary waiver, not review of the denial of a motion to reopen. Thus, the cases cited to by the Government are easily distinguishable, and we deny its motion to dismiss. In addition, Singh’s argument that the BIA lacked jurisdiction to adjudicate the hardship waiver application fails for the reasons just discussed. See also Sevoian, 290 F.3d at 170.