09-3082-ag
Garcia de Diaz v. Holder

BIA
Morace, IJ
A073 541 655
A073 541 656
A073 541 657
A073 582 042

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of June, two thousand ten.

PRESENT:
  RALPH K. WINTER,
  JOSÉ A. CABRANES,
  REENA RAGGI,
   *Circuit Judges*.

_____

MARIA VICTORIA GARCIA DE DIAZ, ALBERTO CARMELO DIAZ RIVERA, DILIAN OMAR DIAZ GARCIA, JIMY ALBERTO DIAZ GARCIA
  *Petitioners*,

   v.       09-3082-ag
           NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF JUSTICE,
  *Respondents*.

_____

FOR PETITIONERS:  Bruno Joseph Bembi, Hempstead, New York.

FOR RESPONDENTS:          Tony West, Assistant Attorney
                          General; Greg D. Mack, Senior
                          Litigation Counsel; Shahrzad Baghai,
                          Trial Attorney, Office of
                          Immigration Litigation, United
                          States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of Guatemala, seek review of a June 29, 2009 order of the BIA affirming the November 6, 2007 decision of Immigration Judge ("IJ") Philip L. Morace, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Diaz*, Nos. A073 541 655/656/657, A073 582 042 (BIA June 29, 2009), *aff'g* Nos. A073 541 655/656/657, A073 582 042 (Immig. Ct. N.Y. City, Nov. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The agency's factual findings "are conclusive unless any reasonable

2

adjudicator would be compelled to conclude to the contrary."
8 U.S.C. § 1252(b)(4)(B). We review *de novo* questions of
law and the BIA's application of law to undisputed fact.
*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I. Asylum, Withholding of Removal, and CAT

Substantial evidence supports the agency's
determination that Maria Garcia de Diaz, the lead applicant,
did not suffer past persecution by virtue of her brother's
death. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d
Cir. 2007) ("[A]n asylum applicant cannot claim past
persecution based solely on harm that was inflicted on a
family member on account of that family member's political
opinion or other protected characteristic."). Moreover, the
threats she received, without more, did not rise to the
level of persecution. *See Gui Ci Pan v. U.S. Attorney Gen.*,
449 F.3d 408, 412 (2d Cir. 2006) (noting that courts have
"rejected [persecution] claims involving 'unfulfilled'
threats"). Further, the circumstances surrounding her
brother's death were vague, and nothing in the record
indicated that Maria Garcia de Diaz would be targeted if she
returned to Guatemala. *See Jian Xing Huang v. INS*, 421 F.3d
125, 129 (2d Cir. 2005) (holding that fear alleged in
"sparse" testimony lacking "solid support" is "speculative

3

at best"); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (observing that evidence that family members continued to live in native country "cuts against [applicant's] argument that she has a well-founded fear of persecution").

Accordingly, we conclude that the agency reasonably determined that petitioners failed to establish a well-founded fear of future persecution in Guatemala.  Because petitioners were unable to carry their burden of proof for asylum, their withholding of removal claim necessarily fails.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Petitioners have waived any challenge to the agency's denial of their CAT claim by not sufficiently arguing the issue before this court.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

## II.  Motion to Remand

We review the BIA's denial of a motion to remand for abuse of discretion, *see Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 151 (2d Cir. 2005), and we identify none here.

Before the BIA, the lead petitioner and her husband sought cancellation of removal under section 240A(b) of the Immigration and Nationality Act, codified at 8 U.S.C.

4

§ 1229b(b), based on the change in immigration status of their children, Javier E. Diaz and Jimy Alberto Diaz Garcia. The BIA did not abuse its discretion in denying the remand motion given that both children were more than twenty-one years old and married at the time. *See* 8 U.S.C. § 1101(b)(1) (defining "child" as "an unmarried person under twenty-one years of age"); *id.* § 1229b(b)(1)(D) (including "child" as qualifying relative for cancellation). Nor did Jimy Diaz Garcia's adjustment application warrant remand when petitioners failed to establish his *prima facie* eligibility for relief. *See* 8 C.F.R. § 1003.2(c); *Matter of Coelho,* 20 I. & N. Dec. 464 (BIA 1992).

To the extent petitioners argue that they are eligible for "special rule" cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, 111 Stat. 2193 (1997) (codified at 8 U.S.C. § 1101 note), we are without jurisdiction to consider that argument because they failed to exhaust it before the BIA, *see* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the court previously granted in this petition

5

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk