09-3414-ag
Chen v. Holder

BIA
Weisel, IJ
A 078 203 336

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of July, two thousand ten.

PRESENT:
            JOSÉ A. CABRANES,
            REENA RAGGI,
            PETER W. HALL,
                    *Circuit Judges*.
_____

MING GUANG CHEN,
            *Petitioner*,

            v.                                      09-3414-ag
                                                    NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
            *Respondent*.
_____

FOR PETITIONER:        Ming Guang Chen, *Pro se*.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Lyle D. Jentzer, Senior
                       Litigation Counsel; Aaron R. Petty,
                       Trial Attorney, Office of
                       Immigration Litigation, Washington
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Guang Chen, a native and citizen of the People's Republic of China, seeks review of the July 13, 2009 order of the BIA denying his motion to remand and affirming the November 13, 2007 decision of Immigration Judge ("IJ") Robert Weisel denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Guang Chen*, No. A 078 203 336 (B.I.A. July 13, 2009), *aff'g* No. A 078 203 336 (Immig. Ct. N.Y. City Nov. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency did not err in denying Chen's asylum

2

application as a matter of discretion.  Under 8 U.S.C. § 1252(b)(4)(d), the agency's discretionary judgment whether to grant asylum "shall be conclusive unless manifestly contrary to the law and an abuse of discretion."  However, the discretionary decision to grant or deny asylum to someone who falls within the refugee definition requires an analysis of the "totality of the circumstances," in which adverse factors are balanced against favorable ones.  *Wu Zheng Huang v. INS*, 436 F.3d 89, 98 (2d Cir. 2006).  Here, the IJ found that Chen's "admission that he placed false information on an application for political asylum" was "serious."  The IJ noted that he gave Chen an opportunity to explain, but that the explanation "was in conflict again with the second application attempting to remediate the first falsity."  This finding is supported by the record. Chen testified that he submitted false information in his initial asylum application because he was instructed to do so by his previous attorney.  However, he made no such assertion in his second asylum application.  Instead, he stated that he submitted the false application because he wanted "a better chance to win asylum."  Therefore, the agency did not abuse its discretion in denying Chen's

3

application for asylum and withholding of removal.  8 U.S.C. § 1252(b)(4)(d); *see also Wu Zheng Huang*, 436 F.3d at 98; *In re Pula*, 19 I. & N. Dec. 467, 474 (BIA 1987) (superseded by regulation on other grounds).

The agency also did not err in denying Chen's application for CAT relief.  We have held that although country conditions reports may indicate that some prisoners in China have been tortured, the applicable standard is whether someone in the petitioner's "particular alleged circumstances is *more likely than not* to be tortured if imprisoned in China."  *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003) (emphasis in original).  Chen did not argue before the agency that his unique circumstances make it more likely than not that he will be tortured in China.

Finally, the BIA did not abuse its discretion in denying Chen's motion to remand.  Motions to remand are held to the same substantive standard as motions to reopen, i.e., abuse of discretion.  *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 151 (2d Cir. 2005).  Furthermore, the BIA has held that it may deny motions to remand when the movant does not establish a *prima facie* case for the relief

4

sought. *Matter of Coelho,* 20 I. & N. Dec. 464 (BIA 1992). Here, the BIA found that Chen failed to establish his *prima facie* eligibility for relief on the basis of his own affidavit because he had previously submitted false evidence in support of his claim for relief. That decision was not an abuse of discretion. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007) (holding that the BIA did not abuse its discretion in denying a motion to reopen supported by allegedly unavailable evidence regarding changed country conditions where there had been a previous adverse credibility finding in the underlying asylum hearing); *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006) (discussing the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (relying on the maxim to find that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk