09-0606-ag
Wang v. Holder

BIA
Hom, IJ
A099 083 215

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of September, two thousand ten.

PRESENT:
>
> GUIDO CALABRESI,
> PETER W. HALL,
> DENNY CHIN,
>     *Circuit Judges*.

_____

LI YUN WANG,
    *Petitioner*,

        v.                                  09-0606-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:     Gary J. Yerman, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General, Ernesto H. Molina, Jr. Assistant Director, M. Lee Quinn, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Yun Wang, a native and citizen of China, seeks review of the January 23, 2009, order of the BIA, denying her motion to remand and affirming the May 9, 2006, decision of Immigration Judge ("IJ") Sandy K. Hom, pretermitting her application for asylum and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Li Yun Wang*, No. A099 083 215 (B.I.A. Jan. 23, 2009), *aff'g* No. A099 083 215 (Immig. Ct. N.Y. City May 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, we lack jurisdiction to review the agency's decision insofar as it pretermitted as untimely Wang's application for asylum. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(B). While we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Wang merely challenges the agency's factual determination that she failed to file her application within a reasonable time period. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

**I.   Motion To Remand**

A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-157 (2d Cir. 2005); *In re Coelho,* 20 I. & N. Dec. 464, 471 (BIA 1992). The BIA has "broad discretion" to deny a motion to remand based on new evidence. *See Li Yong Cao*, 421 F.3d at 156-157 (citing *INS v. Doherty,* 502 U.S. 314, 323, 112 S. Ct. 719, 116 L. Ed. 2d 823 (1992)). This Court reviews the BIA's denial of a motion to remand for abuse of discretion. *Id.* at 157.

The BIA rejected much of the evidence that Wang submitted in support of her remand motion because it

3

predated her merits hearing.  In addition, the BIA rejected a letter from Wang's father discussing "worsened conditions in [her] hometown" because it was "insufficient to demonstrate a likelihood of success on the merits."  We find no error in either of these findings.  *See* 8 C.F.R. § 1003.2(c)(1) (stating that a motion to reopen shall not be granted unless the evidence was "not available and could not have been discovered at the former hearing"); *Xiao Ji Chen*, 471 F.3d at 342 (finding that the weight afforded to an alien's evidence in immigration proceedings lies largely within the discretion of the agency).

**II.  Withholding of Removal and CAT Relief**

Additionally, substantial evidence supports the agency's determination that Wang failed to establish her eligibility for withholding of removal and CAT relief based on the birth of her U.S. citizen children.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 158-73 (2d Cir. 2008).  Other than relying on generalized country conditions evidence, Wang fails to identify any error in the agency's determination that she failed to meet her burden. Accordingly, we are left with no reason to disturb the agency's denial of her application for withholding of

4

removal and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk