10-5150-ag
Sherpa v. Holder

BIA
Rohan, IJ
A093 412 536

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand eleven.

PRESENT:
>           JON O. NEWMAN,
>           ROBERT A. KATZMANN,
>           DENNY CHIN,
>                *Circuit Judges.*

_____

FUDOMA SHERPA,
>           *Petitioner,*

>           v.                                    10-5150-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:        Julie Mullaney, Mount Kisco, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Lindsay E. Williams, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED, in part, and DENIED, in part.

Fudoma Sherpa, a native and citizen of Nepal, seeks review of a November 29, 2010, decision of the BIA affirming the May 3, 2010, decision of Immigration Judge ("IJ") Patricia A. Rohan, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying her motion to remand. *In re Fudoma Sherpa,* No. A093 412 536 (B.I.A. Nov. 29, 2010), *aff'g* No. A093 412 536 (Immig. Ct. N.Y. City May 3, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005).

We do not have jurisdiction to review the agency's finding that Sherpa's asylum application was untimely under

2

8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D).  *See* 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review constitutional claims and "questions of law," *see* 8 U.S.C. § 1252(a)(2)(D), Sherpa's challenge to the IJ's finding that she did not establish extraordinary circumstances is simply a challenge to the agency's fact-finding, over which we do not have jurisdiction, *see* 8 U.S.C. § 1158(a); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 323-32 (2d Cir. 2006). Accordingly, we dismiss the petition with respect to asylum and address only Sherpa's challenge to the denial of withholding of removal, CAT relief, and her motion to remand.

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341-43 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere

harassment." *Ivanishvili*, 433 F.3d at 341. The IJ addressed the harassment and intimidation described by Sherpa, and reasonably found that it was insufficiently severe to constitute persecution. *See id*. As the agency noted, the entire extent of the harm Sherpa claimed was that the Maoists sent her and her husband letters demanding money and threatening to harm them if they did not donate money or join the Maoists. As a result, Sherpa and her husband left their village and moved to Kathmandu. The agency did not err in finding that these incidents, considered cumulatively, did not amount to persecution. *See id.; Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that courts have "rejected [persecution] claims involving 'unfulfilled' threats").

Sherpa also argues that, independent from her past persecution, she fears future persecution if she returns to Nepal, because she was displaced from her home and the Maoists continue to look for her. However, as the agency noted, Sherpa's husband and children remain in Kathmandu unharmed. Because Sherpa's well-founded fear was based primarily on the political activity in which her husband was engaged, it was not improper for the agency to consider her

4

fear of persecution diminished because her husband, who was similarly-situated, remained in Nepal unharmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Because Sherpa was unable to show either past persecution or a clear probability of future persecution in Nepal, the agency did not err in denying her application for withholding of removal, and her application for CAT relief, as that claim was based on the same factual predicate. *See* 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

Nor did the agency abuse its discretion by denying Sherpa's motion to remand. *See Sanusi v. Gonzales,* 445 F.3d 193, 201 (2d Cir. 2006). Motions to remand are subject to the same substantive requirements as motions to reopen, including the requirement that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *See* 8 C.F.R. § 1003.2(c); *Matter of Coelho*, 20 I. & N. Dec. 464 (BIA 1992). In support of her motion, Sherpa presented a clinical evaluation by a licensed clinical social worker indicating that she suffered from post traumatic stress disorder, and stated that she was presenting the clinical

evaluation to counter the IJ's adverse credibility finding. Sherpa did not address why she could not have obtained the evaluation for her merits hearing, and, because the IJ explicitly found Sherpa to be credible, the evaluation was not material. *See* 8 C.F.R. § 1003.2(c).  Accordingly, the BIA did not abuse its discretion in denying Sherpa's motion to remand.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk