**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2425
_____

ANA MARILU RODRIGUEZ SUTUC; Y.L.R.,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review from the Board of Immigration Appeals
(B.I.A. Nos. A206-448-275, A206-448-276)
Immigration Judge: Honorable Quynh V. Bain
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 26, 2016
_____

Before: JORDAN, VANASKIE, and SHWARTZ, Circuit Judges.

(Filed: February 11, 2016)

_____

OPINION[*]
_____

PER CURIAM

Ana Marilu Rodriguez Sutuc ("Sutuc"), and her twelve-year-old daughter, Y.L.R.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

(together, "Petitioners") petition for review of an order of the Board of Immigration

Appeals ("BIA") denying a motion to reopen their removal proceedings and remand to

the Immigration Judge ("IJ") to determine whether they are entitled to asylum,

withholding of removal, or relief under the Convention Against Torture ("CAT"). For

the reasons that follow, we deny the petition.

I

Petitioners are natives and citizens of Guatemala who entered the United States on

July 22, 2014 without authorization. The Department of Homeland Security began

removal proceedings under INA § 240, 8 U.S.C. § 1229a, and Petitioners filed

applications for asylum, withholding of removal, and withholding of removal under

CAT.[1] At the October 7, 2014 hearing on these applications,[2] Sutuc testified that

---

[1] To be eligible for asylum, a petitioner must be "unable or unwilling to return to
. . . [her native country] because of persecution or a well-founded fear of persecution on
account of race, religion, nationality, membership in a particular social group, or political
opinion." 8 U.S.C. § 1101(a)(42)(A). Furthermore, the persecution must be at the hands
of the "government or forces that the government is unwilling or unable to control."
Khan v. Att'y Gen., 691 F.3d 488, 496 (3d Cir. 2012).
　　　Withholding of removal, which confers the right not to be deported to a particular
country, requires applicants to demonstrate "a 'clear probability that [their] life or
freedom would be threatened upon . . . removal to [that] country.'" Garcia v. Att'y Gen.,
665 F.3d 496, 505 (3d Cir. 2011) (quoting Chen v. Gonzales, 434 F.3d 212, 216 (3d Cir.
2005)). The "clear probability" standard requires that persecution be "more likely than
not," a higher standard than is required for asylum. Chen, 434 F.3d at 216. To qualify
for withholding of removal under CAT, the applicant must similarly show that "it is more
likely than not that he or she would be tortured if removed to the proposed country of
removal." Toussaint v. Att'y Gen., 455 F.3d 409, 413 (3d Cir. 2006); 8 C.F.R.
§ 208.16(c)(4).
　　　[2] Y.L.R. is a derivative beneficiary of Sutuc's application and had an application
filed in her own name. See AR 977.

2

Roderico, her former partner and Y.L.R.'s father, had physically abused and raped her and that he continued to stalk her after she left him. Sutuc also claimed that Jilberto, the father of her two younger daughters, physically abused and raped her, and that after she left him, he attempted to break into their home and stalked them. Y.L.R., who was then 11 years old, did not testify because she "did not appear to counsel to be able to handle testifying in court concerning her mother's abuse." AR 26.

The IJ concluded that Sutuc was not entitled to asylum, finding that Sutuc's lack of "credibility [was] a threshold issue in th[e] case" which prevented her from establishing that persecution had occurred. AR 230. The IJ cited inconsistencies in Sutuc's testimony, her evasiveness about how she obtained the U.S. birth certificate that she attempted to use to gain entry into the country, and the contradictions between her testimony and the documentary evidence demonstrating how Guatemalan authorities responded to the actions of her two former partners.

The IJ also found that "[e]ven assuming that her testimony were credible, [Sutuc] ha[d] not satisfied her burden of proof" to show that she was persecuted as a member of the legally cognizable social group "married Guatemalan women who are unable to leave their relationship," which the BIA recognized in Matter of A-R-C-G-, 26 I. & N. Dec. 388 (2014). AR 233. The IJ noted that Sutuc was never legally married to her allegedly abusive partners, and that the evidence suggested that she was able to leave the relationships. Her testimony was also insufficient to establish that any persecution took place because of her membership in the group or that the Guatemalan government was

3

unable or unwilling to protect her. In fact, the IJ noted that the evidence showed Sutuc was examined for signs of domestic abuse, Roderico was arrested, and that a court ordered mediation with him, which were greater interventions than the IJ had "seen in other cases" and "show[ed] to some degree that the government of Guatemala was willing to provide protection to [Sutuc] when she needed it." AR 235.

The IJ also denied withholding of removal, because it "requires a higher standard of proof than asylum," and relief under CAT, because the evidence "[did] not show that the government would acquiesce in or consent to any harm that [Sutuc] might suffer at the hands of her domestic partners." AR 239-40.

Petitioners appealed to the BIA, which affirmed the IJ's "adverse credibility finding," AR 104, and "the [IJ]'s determination that[,] given the adverse credibility finding[,] the respondent did not meet her burden of proof to establish eligibility for asylum," AR 106. Because it was affirming the IJ's adverse credibility determination, the BIA stated that it "need not consider the [IJ]'s alternative bases for denying [Sutuc]'s application for asylum." AR 106 n.5. The BIA also held that, because Sutuc had not "met her burden of proof with respect to her asylum claim, it follow[ed] that she ha[d] also not met the higher burden of proof required for withholding of removal," AR 106, and given the "absence of credible testimony," she likewise failed to "establish that she would more likely than not be tortured by or at the instigation of or with the consent or acquiescence . . . of a public official acting in an official capacity . . . for purposes of her application for protection under the [CAT]." AR 106 (internal quotation marks and

4

citations omitted).

In February 2015, after receiving therapy at a family immigration detention center where Sutuc and Y.L.R. had been living, Y.L.R. described to a social worker "instances of physical, sexual, and mental abuse at the hands of her step-father." AR 25. In a letter to the BIA, Y.L.R. wrote that her "step-father" verbally and physically abused her and that "he hit [her mother,] leaving bruises on her face, neck, and arms[,] . . . [took] away her money[,] . . . had [her] very controlled wherever she went . . . [and threatened to] kill [her]." AR 40. Petitioners argue that this constitutes new evidence that was not available to be presented at the original hearing because Y.L.R. only recently verbalized her memories of the abuse. Petitioners submitted timely motions to reopen the case on account of this new evidence, to expedite review of the case, and to stay their removal. Petitioners argued that the new evidence of Y.L.R.'s abuse supported their claims that they have suffered past persecution and bolstered Sutuc's credibility, showing that they were entitled to relief.

The BIA agreed that the evidence was material and newly available, but denied the motion because Sutuc "has not established that the new evidence would likely change the results in this case." AR 4. The BIA characterized the IJ's initial denial of the application as resting on three separate bases: (1) lack of credibility, (2) failure to "establish that the government of Guatemala is unwilling or unable to protect her," and (3) failure to "establish a nexus between the harm she . . . fears in the future and a basis protected under the Act." AR 4. While the BIA acknowledged that it

5

did not specifically consider or rely upon the[ ] [last two] aspects of the [IJ's decision] in [its] prior decision in this matter, the respondent nevertheless has the burden of proof to establish that the new evidence would likely change the outcome in this matter in order to show that reopening is warranted. In light of the fact that the respondent presented no new evidence or argument relating to the other bases of the [IJ's] denial of her applications for relief, she did not meet this burden.

AR 4. Thus, the BIA acknowledged it only relied on the adverse credibility determination when it reviewed Petitioners' appeal, but on the motion to reopen, it chose to rely on additional grounds to explain why Petitioners would not be entitled to any relief, regardless of the credibility finding. Petitioners filed a petition for review.

## II[3]

### A

The BIA has "broad discretion" to grant or deny motions to reopen, and our review of such a denial is limited. INS v. Doherty, 502 U.S. 314, 323 (1992) (noting that "[m]otions for reopening of immigration proceedings are disfavored . . . especially . . . in a deportation proceeding where . . . every delay works to the advantage of the deportable alien."). We will reverse only if the denial of a motion to reopen is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Our review must nonetheless ensure that the BIA properly considered the evidence and "announce[d] its decision in terms sufficient to enable a reviewing court to perceive that it has heard

---

[3] The BIA had jurisdiction to review the motion to reopen under 8 C.F.R. § 1003.1, which gives it authority to reopen proceedings in a case where it has already rendered a decision. We have jurisdiction pursuant to 8 U.S.C. § 1252.

6

and thought and not merely reacted." Id. at 177 (quoting Mansour v. INS, 230 F.3d 902, 908 (7th Cir. 2000)).

The BIA may deny a motion to reopen because: (1) "the movant has failed to establish a prima facie case for the relief sought," (2) "the movant has failed to introduce previously unavailable material evidence that justified reopening," or (3) "the movant would not be entitled to the discretionary grant of relief" sought. Filja v. Gonzales, 447 F.3d 241, 255 (3d Cir. 2006). Here, the BIA acknowledged that the motion to reopen presented "new evidence that is material," but declined to reopen the proceedings because Petitioners had not met the "heavy burden" of "establish[ing] that . . . the new evidence would likely change the results in this case."[4] AR 3-4 (citing Matter of Coelho, 20 I. & N. Dec. 464, 472 (1992)). In other words, the BIA held that Petitioners had not shown that the new evidence, when combined with the existing evidence in their case, would satisfy the requirements for the relief sought. See Shardar v. Att'y Gen., 503 F.3d

---

[4] Petitioners contend that the BIA erred in holding them to the "heavy burden" of demonstrating that "the new evidence offered would likely change the result in the case." Matter of Coelho, 20 I. & N. Dec. at 473. Citing In re L-O-G-, 21 I. & N. Dec. 413, 419 (1996), Petitioners argue that they should have had to shoulder the lesser burden of showing that there was a "reasonable likelihood that the statutory requirements for the relief sought have been satisfied," because they were presenting new evidence that required development at a hearing. Petitioners are not entitled to the more permissive standard that In re L-O-G- applied to cases in which "an alien is seeking previously unavailable relief and has not had an opportunity to present her application before the [IJ]," id. at 420, because Sutuc "had already had an opportunity to fully present and litigate [her] request" for asylum and withholding of removal, and merely presented new evidence to support her existing claims. Id.

7

308, 312 (3d Cir. 2007). By doing so, it relied upon grounds that were not the basis for its affirmance of the IJ's original decision.[5]

While the BIA relied only upon the IJ's credibility finding in affirming the IJ's initial decision to deny relief, and it is understandable why the Petitioners focused their motion to reopen on this finding, they failed to carry the heavy burden to reopen the proceedings. In short, even assuming the new evidence would rehabilitate Sutuc's credibility, Petitioners have not explained how it would impact the other statutory requirements that they would need to satisfy to avoid removal and thereby change the IJ's decision denying relief.

A petitioner seeking to reopen removal proceedings must establish prima facie eligibility for relief. Sevoian, 290 F.3d at 173 & n.5 (movant must produce evidence showing a reasonable likelihood he can establish he is entitled to relief). Petitioners seek asylum, withholding of removal, and relief under CAT. To be eligible for such relief, Petitioners must show that there is a well-founded fear of persecution by the government or forces it cannot control. Vente v. Gonzales, 415 F.3d 296, 300 (3d Cir. 2005). To obtain withholding of removal, Petitioners must show a clear probability that their life would be threatened upon removal. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003). To obtain CAT relief, Petitioners must show a likelihood of torture in which the government would acquiesce. 8 U.S.C. § 208.18. The evidence in the record showed

---

[5] The BIA acknowledged as much in its opinion, stating that it "did not specifically consider or rely upon [the other] aspects of the [IJ]'s October 7, 2014, decision." AR 4.

8

that government officials responded to reports of abuse and the new evidence does not undermine this conclusion or show that the government would fail to intervene if asked to do so.

While we are troubled that the BIA relied on grounds to deny the motion to reopen that it did not initially rely upon when it upheld the IJ's decision denying relief, we cannot say the BIA acted arbitrarily, irrationally, or contrary to law by considering these grounds in denying the motion to reopen. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). When faced with a motion to reopen, the BIA may deny the motion when it is satisfied that the new evidence, if presented to the IJ, would not have likely changed the result. Coelho, 20 I. & N. Dec. at 473. To this end, the BIA in effect assumed the vantage point of the IJ, reviewed all of the reasons the IJ denied relief, and then evaluated the new evidence to determine if the decision would be changed in light of it. Considering the full record that was before the IJ, together with the statutory requirements Petitioners must satisfy to obtain asylum or withholding of removal, we cannot say the BIA abused its discretion in determining that the new evidence would not have changed the decision the IJ reached. For this reason, we will deny the petition for review.

B

Petitioners also allege that their due process rights were violated by the speed with which their case was considered as well as their treatment during its pendency. Specifically, Petitioners claim that (a) their case was heard by the IJ with only 26 days of preparation time; (b) ICE improperly deported them to Guatemala while their motion for a stay of removal was pending without informing this Court; (c) they were held in prolonged detention from July 22, 2014 to July 19, 2015; and (d) they were not released to family members for nearly a year despite ICE guidance stating that release is appropriate in similar circumstances.

"Aliens have a right to a full and fair hearing that allows them a reasonable opportunity to present evidence on their behalf." Jarbough v. Att'y Gen., 483 F.3d 184, 192 (3d Cir. 2007) (internal quotation marks and citation omitted). To state a due process claim, the applicant "must show substantial prejudice." Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006). In other words, Petitioners must show that they were "prevented from reasonably presenting [their] case." Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006) (quoting Uspango v. Ashcroft, 289 F.3d 226, 231 (3d Cir. 2002)). We exercise plenary review over Petitioners' claims that they were not afforded procedural due process. Singh, 432 F.3d at 541.

Petitioners' due process challenge lacks merit. First, Petitioners raised no objections to the procedure they were afforded before the IJ. See id. at 541 (citing the

10

fact that counsel had not objected to decisions about testimony in analysis of why due process claim failed). Indeed, the record shows that Sutuc was offered a continuance at her first appearance, and declined it, saying that she was "ready right now," AR 247, that Sutuc's lawyer was given the choice of an accelerated hearing date, **AR 255,** and that Petitioners were provided an opportunity to present evidence and arguments. Thus, they were given and took the opportunity to present their case and did not complain about the pace of the hearing in their appeal to the BIA.

Second, while Petitioners argue that their detention and deportation was wrongful or contrary to ICE policy, they do not explain how these events would have altered the hearing or the evidence presented. See Singh, 432 F.3d at 541 (due process claim not established where petitioner was prevented from presenting additional testimony but "nowhere suggest[ed] that such testimony would have tended to establish past persecution . . . nor that it would have been anything other than cumulative"). Similarly, Petitioners do not connect their failure to be paroled to their ability to present their case before the IJ. See id. at 541 n.10 ("Singh claims that separation from his family in the United States is prejudice. While we acknowledge that such a result is indeed regrettable, it is not prejudice in the sense of affecting the outcome of his proceeding."). Finally, while it is unfortunate that Petitioners were removed to Guatemala while awaiting a decision from this Court on their motion for a stay of removal, then returned to the United States for the pendency of this appeal, nothing in the record suggests that this has prejudiced their ability to present their case before any tribunal. As a result, Petitioners

11

have not shown they were deprived of procedural due process and we will not grant relief on this basis.

## III

For the foregoing reasons, we will deny the petition for review.