**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1428
_____

FRANK ANTHONY NUNEZ-RAMIREZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review from the
Board of Immigration Appeals
(Agency No. A094-354-686)
Immigration Judge: Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 25, 2022

Before: CHAGARES, *Chief Judge*, McKEE, and MATEY, *Circuit Judges.*

(Filed: March 3, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Frank Anthony Nunez-Ramirez appeals the Board of Immigration Appeals' ("BIA") denial of a motion to reopen his removal proceedings. Finding no error in the BIA's decision, we will deny Nunez-Ramirez's petition.

**I.**

In 1995, the United States issued Nunez-Ramirez, a Honduras native, a visitor visa allowing admission for six months. In 2000, still in the United States, Nunez-Ramirez received Temporary Protected Status ("TPS") after Hurricane Mitch struck Honduras. But the Government revoked that status in 2018 when Nunez-Ramirez received a third DUI conviction. As a result, in 2019, the Department of Homeland Security charged Nunez-Ramirez with removability under 8 U.S.C. § 1227(a)(1)(b). Nunez-Ramirez conceded the charge but filed applications for withholding of removal and protection under the Convention Against Torture ("CAT").[1]

Nunez-Ramirez argued he was eligible for withholding of removal based on his status in a particular social group comprised of "Honduran Men Who Grew Up in the United States." (A.R. at 522–29.) He expressed fear of returning home because a gang had murdered his uncle, and he believed he would be targeted as well. After a hearing, an Immigration Judge denied Nunez-Ramirez's application for withholding of removal, finding he did not establish the necessary clear probability of future persecution. The IJ

---

[1] Nunez-Ramirez conceded ineligibility for asylum because he failed to file an application within one year of arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). He now seeks to press an asylum claim, but as explained below, cannot successfully do so.

also found Nunez-Ramirez's alleged particular social group was not legally cognizable because it lacked "discrete and definable boundaries." (A.R. at 424.) Finally, the IJ denied his CAT claim, finding that Nunez-Ramirez did not prove likely torture in Honduras. The BIA affirmed the IJ's rulings and dismissed Nunez-Ramirez's appeal.

In 2021, Nunez-Ramirez moved to reopen his case citing deficiencies in his hearing. He also proposed a new particular social group: "family members of victims of gang murders." (A.R. at 82–89.) Finally, he moved to retract his asylum concession, arguing he remained eligible for relief. The BIA denied the motion, concluding the asylum claim waived and, in any event, unsupported by new facts. The BIA also declined to consider his new particular social group, as it was not advanced before the IJ. And the BIA rejected his due process claim, finding a failure to establish substantial prejudice. Seeing no grounds to disturb those decisions, we will deny this petition for review.[2]

## II.

Motions to reopen are "disfavored," *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992), and the movant faces the "heavy burden," *I.N.S. v. Abudu*, 485 U.S. 94, 110 (1988), of showing that new evidence "would likely change the result in the case." *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992). The motion must "state the new facts that will be proven . . . and [the motion] shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). And the motion "shall not be granted" unless the proffered evidence is "material and was not available and could not have been discovered or

---

[2] The BIA had jurisdiction under 8 C.F.R. § 1003.2 and we have jurisdiction under 8 U.S.C. § 1252(a).

presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Consistent with these standards, we review the BIA's denial of a motion to reopen for an abuse of discretion and will not disturb that decision unless it is arbitrary, irrational, or contrary to law. *Liem v. Att'y Gen.*, 921 F.3d 388, 395 (3d Cir. 2019). We review legal questions de novo and factual findings for substantial evidence. *Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021).

## A. Due Process

To show insufficient due process, Nunez-Ramirez must establish that he was "prevented from reasonably presenting his case." *Uspango v. Ashcroft*, 289 F.3d 226, 231 (3d Cir. 2002) (internal quotation marks omitted). Nunez-Ramirez argues that his mother's testimony required help from an interpreter to "fully explain the situation in Honduras regarding her brother's murder." (Opening Br. at 14.) He pairs this argument with expert reports purporting to show dangerous country conditions and the importance of the family in Honduran culture. Both are insufficient.

First, while Ms. Ramirez's expanded testimony might provide some extra details about gang activity, the scope of gang violence in Honduras was well-covered at the hearing. Indeed, Nunez-Ramirez testified about his fears and the dangers in Honduras. Second, Ms. Ramirez, even without a translator, testified that gangs may target Nunez-Ramirez, and a written statement reiterated that point. As did a written statement by Nunez-Ramirez's grandmother. All of which shows the absence of an interpreter did not prevent

4

Nunez-Ramirez from reasonably presenting his case and cannot ground a due process claim.[3]

Nor can Nunez-Ramirez show "a reasonable likelihood that the result would have been different." *United States v. Charleswell*, 456 F.3d 347, 362 (3d Cir. 2006). The IJ denied Nunez-Ramirez's application for withholding in part because his proposed particular social group lacked "discrete and definable boundaries." (A.R. at 424.) That dispositive finding remains even if Ms. Ramirez testified with a translator.[4]

## B.    Asylum

An asylum application must normally be filed within one year of entering the United States, but that deadline may be extended if the applicant "maintained Temporary Protected Status . . . until a reasonable period before the filing of the asylum application." 8 C.F.R. § 208.4(a)(2), (5)(iv). Nunez-Ramirez maintained his TPS for eighteen years, until it was revoked in 2018 after his third DUI conviction. Nunez-Ramirez, through counsel, did not make an asylum claim or assert an exception to the one-year limitation. The BIA did not abuse its discretion in declining to consider an argument that could have been made in previous proceedings. *See* 8 C.F.R. § 1003.2(c)(1).

---

[3] *B.C. v. Att'y Gen.*, 12 F.4th 306 (3d Cir. 2021) does not alter that conclusion. *B.C.* concerned a pro se petitioner facing deportation, not a witness called by counsel. A witness who Nunez-Ramirez's counsel stated was "competent" to testify in English. (A.R. at 452.) And *B.C.* recognized the need to show prejudice from an alleged agency error. 12 F.4th at 318. Nunez-Ramirez has not, because the BIA's denial rested in part on his inadequate proposed social group.

[4] Nunez-Ramirez proposes a new social group, but he offers no previously unavailable evidence that supports this changed theory on appeal.

## III.

For these reasons, we will deny Nunez-Ramirez's petition.